## Case No. 16,050.

### UNITED STATES v. PINGREE.

[1 Spr. 339; [1] 19 Law Rep. 667.]

District Court, D. Massachusetts. Feb., 1857. [2]

CUSTOMS DUTIES—TRANSPORTATION BONDS—STATUTORY REQUIREMENTS.

1. An instrument not in the form of a bond with a penal sum and condition, but containing the requirements of the statute of 1854, c. 30 [10 Stat. 270], and the obligors not being prejudiced by the form, was *held* a sufficient bond under that statute.

2. The "additional duty of one hundred per cent." secured by transportation bonds, under Act 1854, c. 30, § 6, is one hundred per cent. on the original duty, and not on the invoice value of the goods.

3. The transportation bond under that section, properly includes the original duty, as well as the additional duty, the bond first given for the original duty being cancelled.

[Cited in brief in U. S. v. Cutajar, 59 Fed. 1001.]

Messrs. Pingree & Co. imported certain bags of castana nuts, and placed them in the bonded warehouse in Salem, giving bonds for the import duties, which were $105. The invoice value of the nuts was $350. Being desirous of removing them to Boston for sale, in bond, they executed, with sureties, the instrument required of them at the Salem custom house, which is called a transportation bond. It was not in the usual form of a bond, with a condition and a penal sum, but was a covenant, under seal, that the goods should be transported to Boston and there re-warehoused within thirty days, and failing that, that the defendants would pay the import duty of $105, and a further sum of $350 as "an additional duty," under the act of 1854 (chapter 30). By a misapprehension on the part of the merchants who bought the nuts of the defendants, and without any intent to avoid re-warehousing, the nuts were not re-warehoused within the time. The government claimed a verdict for $455, which was so rendered, under pro forma instructions from the court. The defendants then moved in arrest of judgment.

B. F. Hallett, U. S. Dist. Atty.

R. H. Dana, Jr., for defendants.

SPRAGUE, District Judge. Several grounds are taken in support of this motion. The first is, that the instrument in suit is not "a bond," within the meaning of the statute. It is not, to be sure, in the form of a bond with a penal sum and condition, but if its requirements are those of the statute, and no harm is done to the defendants by its form, and I cannot see that they are prejudiced by the form. I think they must be held by the instrument they have executed.

---

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

[2] [Reversed by circuit court; case unreported.]

The second and chief ground is, that the bond is in too large an amount. This depends upon the construction to be given to the act of 1854 (chapter 30). And there is a singular difficulty in construing this statute. The act requires the collector to take a bond for transportation and re-warehousing; and then provides that if the goods are not duly re-warehoused, the collector shall levy and collect "an additional duty of one hundred per cent.," which additional duty shall be secured by said bond. The district attorney contends that this clause means an additional duty of one hundred per cent. on the invoice value of the goods. The bond was framed, the declaration drawn, and the verdict rendered on this theory. The defendant's counsel contends that it means one hundred per cent. on the original duty, or, in other words, a second duty of the same amount as the first.

Taking this statute alone, we find no antecedent to which to refer this language, except the import duty. The statute makes no allusion to invoice or value, but only to import duty. The percentage must be calculated upon something. That something must be the original duty, if we confine our view to this act, for the act presents no other subject-matter than the duty.

But on referring to the general tariff act, we find that all duties are ad valorem, that is, a percentage on the value of the goods. The original duty, then, being thirty per cent. ad valorem, it is argued that the "additional duty of one hundred per cent." must be one hundred per cent. ad valorem.

But, in reply, it is said that the act of 1854 is only supplementary to the act of 1846, c. 84 [9 Stat. 53], and that it must be construed in subordination to that act. The act of 1846 establishes the warehouse system. It allows of transportation from one warehouse to another, in bond; and provides that when goods are taken out of warehouse for transportation, a transportation bond shall be given in "double the duties." Under this act, if the goods were not re-warehoused, the utmost the government could recover was "double the duties," and as the bond could be chancered, the court could direct a sum to be paid less than the penalty.

I have made an examination into the regulations of the treasury department, and find the construction of the warehouse acts, and the practice under them prior to the act of 1854, to have been thus.—When the goods were originally warehoused, a bond was given in double the duties, conditioned to be void, if the duties were paid, or if the goods were withdrawn according to law. When goods were withdrawn for transportation, under bond, the condition of the original bond was considered as fulfilled, and it was cancelled. The goods being delivered to the owner, the only security which the government has for the original duties is the transportation bond; and this bond, under the act of 1846, was in a penal sum equal to double the duties. If the goods were duly re-warehoused, the transportation bond was cancelled,

and a new warehouse bond given in the same form as the original.

But it is said that, under the act of 1846, goods were frequently taken out of warehouse, as for transportation, on this bond, and never, in fact, re-warehoused, but put into the market, and the government officers collected only the original duty, the bond being treated as merely a new security for the duty. In this way the importer evaded the payment of cash duties, and obtained a credit, until his bond was payable and demanded. This may serve to explain the peremptory requirement in the act of 1854, that the additional duty "shall be levied and collected." If the goods are not re-warehoused, the original duty and the additional duty are both due, and must both be paid. The penal sum of the bond may be whatever is usual, but the whole additional duty must be collected, whatever may be the grounds for equitable relief, from accident, mistake, or otherwise.

I am satisfied that the practice of including the original, as well as the additional, duty in the transportation bond is authorized by the statute, the original bond being cancelled. This bond, therefore, properly secured the duty of $105. But as to the mode of calculating the "additional duty of one hundred per cent.," I am of opinion, after careful consideration, that it ought to be construed as one hundred per cent. on the original duty. If the other interpretation is put upon it, the owner, for a mere failure to re-warehouse within the time, perhaps through accident, mistake, or the fraud of others, must pay the duties, and also a sum equal to the whole value of his goods. The collector is obliged to collect the entire amount. No court can chancer the bond. And the case is not within the provisions authorizing the secretary of the treasury to remit the whole or part of a penalty upon a certificate. It can hardly be supposed that congress intended such a result. Taking, therefore, this act in connection with the act of 1846, and considering the mischief to be remedied, I am of opinion that it was intended to require only a second duty of like amount with the first.

It is argued, that the rest of the section which follows the requirement of the "additional duty," providing that the collector may, instead of the "additional duty," exact a forfeiture of the goods, shows that the duty must have been equal to the value of the goods. But the additional duty is absolute. The forfeiture is discretionary, and is accompanied by a power of remission. This, I think, shows that they were not considered by congress as equal to each other. The forfeiture is the greater penalty, to be inflicted in whole or in part, in cases justifying or requiring it. The additional duty is a lesser penalty and made absolute in all cases.

The bond having been given and the verdict rendered for a larger sum than the statute authorizes judgment must be arrested.

This decision was reversed upon appeal to the circuit court, May 7, 1857 [case unreported.]