## BIGNALL v. GOULD.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

Submitted December 7, 1886. — Decided December 20, 1886.

In a bond "in the penal sum of $10,000, liquidated damages," with condition that certain third-persons shall within a year release the obligee from a large number of debts held by them severally, and varying from $8000 to $10 each, the sum of $10,000 is a penalty, and not liquidated damages; and in an action thereon the obligee, upon proof that none of those debts were released by the holders' within the year, but that immediately afterwards he was discharged from all of them in bankruptcy, can recover nominal damages only.

This was an action brought in September, 1881, by a citizen of Missouri against a citizen of New York upon the following bond, signed and sealed by the defendant:

"Know all men that I, James H. Gould, of Seneca Falls, New York, am held and firmly bound to Moses C. Bignall in the penal sum of ten thousand dollars lawful money, liquidated damages, to the payment of which I bind myself, my heirs, executors, administrators and assigns, firmly by these presents.

"Sealed with my seal at the city of St. Louis and State of Missouri this 7th day of April, A.D. 1879.

"The condition of this obligation is such that whereas on the 1st day of April, 1878, the said Moses C. Bignall became unable to pay and satisfy all his just debts and liabilities; and whereas the Gould Manufacturing Company, of Seneca Falls aforesaid, was one of the creditors of the said Moses C. Bignall; and whereas the said Gould Manufacturing Company, Mrs. Hannah B. Gould, of Seneca Falls, and Angus McDonald, of Rochester, New York, became the assignees by purchase of a large number and amount of the said debts and claims then existing against the said Moses C. Bignall; and whereas said last named parties, or either of them, may deem it to their interest to become the assignees of other of said debts and claims now existing against said Moses C. Bignall:

"Now, therefore, if the said Gould Manufacturing Company, the said Hannah B. Gould, and the said Angus McDonald, shall acquit, release and discharge the said Moses C. Bignall, within one year from the date hereof, of all and singular the debts and claims aforesaid, that have been assigned to them, or that may hereafter be assigned to them, or either of them, by good and sufficient release in writing, to be made by them, and to be delivered by them to said Moses C. Bignall, then this obligation to be void; otherwise, it shall remain in full force and virtue."

The petition alleged that the defendant executed the bond at its date; that the plaintiff was then owing to divers persons debts amounting to about $50,000, including one to the Gould Manufacturing Company of about $7000, and that Hannah B. Gould held assignments from different persons of many of those debts, to the amount of about $26,000 (a list of ten of which was annexed, varying from $147.23 to $8117.00), and Angus McDonald held assignments of like debts to the amount of about $6000 (a list of thirteen of which was annexed, varying from $9.80 to $1445.52); that there had been a breach of the bond, in that more than a year had elapsed since its execution, yet neither the Gould Manufacturing Company nor Gould nor McDonald had acquitted, released or discharged the plaintiff from any of those debts, and that by reason of this breach the plaintiff had been damaged in the sum of $10,000.

The answer admitted these allegations, except that it denied that the plaintiff had been damaged in the sum of $10,000 or any other sum; and alleged that the plaintiff, under proceedings in bankruptcy pending at the date of the bond, had since obtained a certificate of discharge, whereby all his debts mentioned in the petition were discharged. The plaintiff filed a replication, denying all the allegations of the answer.

Upon a trial by the court, a jury having duly been waived, the plaintiff proved that the assets which came to the hands of his assignee in bankruptcy amounted to $23,109.54, and no more, of which $17,439.11 was collected of the Gould Manufacturing Company, and that the only dividend paid was on March 14, 1882, of $16\frac{65}{100}$ cents on the dollar. The plaintiff

admitted in open court that he obtained a certificate of discharge on May 6, 1880, under proceedings in bankruptcy begun on April 25, 1878. The defendant relied on this admission, and introduced no evidence. No other testimony was given nor admissions made at the trial, save those contained in the pleadings.

The plaintiff asked the court to declare the following propositions of law as applicable to this case: "1st. The bond sued on is a liquidated bond, and the breach being admitted by the defendant, the plaintiff is entitled to recover the liquidated sum, $10,000.; 2d. If the bond is not a liquidated bond, still, under the issues and the evidence, the plaintiff is entitled to recover more than nominal damages, notwithstanding his discharge in bankruptcy." The court refused thus to declare the law, and rendered judgment for the plaintiff, and assessed his damages at one cent only. The plaintiff excepted to the ruling and action of the court, and sued out this writ of error.

*Mr. H. M. Pollard* (with whom was *Mr. S. N. Taylor*), for plaintiff in error, cited: *Lowe* v. *Peers*, 4 Burrow, 2225; *Leary* v. *Laflin*, 101 Mass. 334; *Cotheal* v. *Talmage*, 9 N. Y. (5 Selden) 551; *S. C.* 61 Am. Dec. 716; *Bagley* v. *Peddie*, 16 N. Y. 469; *S. C.* 69 Am. Dec. 713; *Clement* v. *Cash*, 21 N. Y. 253; *Noyes* v. *Phillips*, 60 N. Y. 408; *Hamaker* v. *Schroers*, 49 Missouri, 406; *Watts* v. *Sheppard*, 2 Ala. 425; *Williams* v. *Green*, 14 Ark. 315; *Hamilton* v. *Overton*, 6 Blackford, 206; *S. C.* 38 Am. Dec. 136; *Fisk* v. *Fowler*, 10 Cal. 512; *Streeter* v. *Rush*, 25 Cal. 67, 71; *Tingley* v. *Cutler*, 7 Conn. 291; *Sparrow* v. *Paris*, 7 H. & N. 594; *Duffy* v. *Shockey*, 11 Ind. 70; *S. C.* 71 Am. Dec. 348; *Peine* v. *Weber*, 47 Ill. 41; *Gobble* v. *Linder*, 76 Ill. 157; *Downey* v. *Beach*, 78 Ill. 53; *Valentine* v. *Foster*, 1 Met. (Mass.) 520; *S. C.* 35 Am. Dec. 377; *Smith* v. *Richmond*, 19 Cal. 476; *Way* v. *Sperry*, 6 Cush. 238; *S. C.* 52 Am. Dec. 779; *Ham* v. *Hill*, 29 Missouri, 275; *Port* v. *Jackson*, 17 Johns. 239; *Jackson* v. *Port*, 17 Johns. 479; *Wicker* v. *Hoppock*, 6 Wall. 94; *Thomas* v. *Allen*, 1 Hill, 145.

No appearance for defendant in error.

Mr. Justice Gray, after stating the case as above reported, delivered the opinion of the court.

By the rules now established, at law as well as in equity, the sum of $10,000, named in this bond, is a penalty only, and not liquidated damages. As observed by Lord Tenterden in a similar case, "whoever framed this agreement does not appear to have had any very clear idea of the distinction between a penalty and liquidated damages; for the sum" in question "is described in the same sentence as a penal sum and as liquidated damages." *Davies* v. *Penton*, 6 B. & C. 216, 222; *S. C. 9 D. & R.* 369, 376. The object of the bond is to secure the obligee's discharge from a large number of claims against him, held by certain third persons severally, amounting in all to something like $39,000, and varying from more than $8000 to less than $10 each. A failure of either of those persons to release any one of those claims would be a breach of the bond; and for any such breach a just compensation might be estimated in damages. The sum of $10,000 must therefore be regarded as simply a penalty to secure the payment of such damages as the obligee may suffer from any breach of the bond. *Watts* v. *Camors*, 115 U. S. 353; *Boys* v. *Ancell*, 5 Bing. N. C. 390; *S. C. 7 Scott*, 364; *Thompson* v. *Hudson*, L. R. 4 H. L. 1, 30; *Fisk* v. *Gray*, 11 Allen, 132.

Upon the evidence introduced and the admissions made by the plaintiff at the trial, it does not appear that he suffered any damage whatever. Although there was a technical breach of the bond at the expiration of a year from its date, by the third persons therein named having failed to release the plaintiff from any of the debts held by them, yet, within a month afterwards, and before this action was brought, he was legally discharged from all those debts by obtaining a certificate of discharge in bankruptcy. This discharge was not the less complete and effectual because the creditors had not received payment in full, nor because the plaintiff might, if he saw fit, by new promises to them, waive the discharge and revive so much of the debts as had not been satisfied by the dividends paid by the assignee in bankruptcy.

*Judgment for nominal damages affirmed.*