### UNITED STATES v. CUTAJAR et al.

(Circuit Court of Appeals, Second Circuit. April 16, 1895.)

CUSTOMS DUTIES—ACT OF JUNE 10, 1890—BOND FOR PRODUCTION OF INVOICE.
　　The bond required by section 4 of the customs administrative act of June 10, 1890, to be given on the entry of merchandise without a duly-certified invoice, is not intended to secure a penalty for a breach of duty, but only such damages as actually result from the absence of such invoice, and the sureties on such a bond can only be called upon to respond for those damages.

In Error to the District Court of the United States for the Southern District of New York.

This was an action by the United States against William Cutajar and another upon a bond for $800 given pursuant to section 4 of the customs administrative act of June 10, 1890. In the district court, judgment was given for the plaintiff for $263.93. Plaintiff brings error. Affirmed.

James L. Van Rensslaer, Asst. U. S. Atty.

Hess, Townsend & McClelland, for defendants in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The customs administrative act of June 10, 1890, provides, in section 4 (26 Stat. 131, 132), for the entry of merchandise in the absence of a duly-certified invoice, and sets forth in detail the facts required to be stated upon affidavit to procure such entry. The section concludes with the provision:

"And when entry of merchandise exceeding one hundred dollars in value is made by a statement in the form of an invoice, the collector shall require a bond for the production of a duly certified invoice."

On November 24, 1891, defendants, doing business in New York under the firm name of William Cutajar & Co., imported and entered at the port of New York, from Genoa, Italy, 150 bags of rice, a variety of merchandise subject to a tariff duty of two cents a pound. Not being able at the time of such entry to produce a duly-authenticated invoice, he presented a statement, in the form of an invoice, giving the weight of the rice as 19,400 pounds. The bond sued upon was at the same time executed in conformity with the requirements of the section of the customs administrative act above quoted. At the time of entry, Cutajar paid duties on the 19,400 pounds, amounting to $388. Thereafter the said 150 bags were duly weighed and tared by the United States weigher, and the total weight was found to be 32,700 pounds. A further payment of $67.40 was made on 38 of the bags, and at the time of the bringing of the suit the amount still due for duties was $198.60. It was for this sum, with interest, that the district court gave judgment. The plaintiff in error contended that judgment should have been rendered for the full penalty named in the bond, viz. $800. At the trial, defendants endeavored to show that the condition of the bond had been complied with, and a duly-authenticated invoice produced and given to the collector within the six months allowed for such production by the terms of the bond. Most of the assignments of error are to the admission of testimony by which defendants sought to establish this defense, but inasmuch as the district court held that defendants were in default for not having produced the invoice required by the bond, and defendants have not sought to review that decision, such assignments of error need not be considered.

The only question in the case is whether the sum named in the bond is to be treated as a penalty, or as liquidated damages. The bond is in a form prescribed by treasury regulations (article 16, regulation 326), which provides that bonds given on pro forma invoices shall be "form No. 79 and the penalty named in the bond shall be double the amount of duties apparently due, and in the case of free goods the sum of one hundred dollars." It is conditioned that the obligors "shall and do, within six months from the date hereof, produce to the collector of the customs for the district of New York a duly-authenticated invoice of the said goods, wares, and merchandise, and shall pay to the said collector the amount of duty to which it shall appear by such invoice the said goods, wares, or merchandise are subject, over and above the amount of duties estimated on the appraisement of said goods, wares, and merchandise." The damages resulting from the failure of the importer to furnish the collector with a true certified invoice showing the character and value, and also quantity and weight, of the articles imported, so that the collector may have the assistance of such invoice in making his own classification and appraisement, and in passing upon the returns of the weighers, are readily and exactly ascertainable. The bond is expressed in language which leaves no doubt that it was intended to provide security for the payment of such damages, and, under the familiar rule in such cases, the amount named in the bond is to be regarded as a penalty, and not

as liquidated damages. The case at bar is not within the authorities cited on the brief of plaintiffs in error, which hold that, where the sum named in the bond is a fixed penalty imposed by law as a punishment for a breach of duty enjoined by law, the court will not undertake to alter or reduce the penalty which the legislature has fixed for the nonperformance of a statutory duty. Congress has not fixed the penalty. It has only provided that the collector shall require a bond for the production of a duly-certified invoice, and the bond required in this case manifestly contemplated that the sureties should respond only for the damages resulting to the government from the fact that its officers undertook, at the importers' request, and under the authority conferred by the above-quoted section of the act, to assess the duty without waiting till a duly-certified invoice should be laid before them. The judgment of the district court is affirmed.