### UNITED STATES v. DUYS et al.

(Circuit Court, S. D. New York. December 27, 1901.)

BONDS—BREACH—DUTIES—COMPLAINT—DEMURRER.

Where, in an action to recover for breach of the conditions of a bond to secure duties on goods, brought under Rev. St. § 961, providing that in all suits to recover the forfeiture annexed to any bond, where the forfeiture or breach appears on demurrer, the court shall render judgment for plaintiff to recover so much as is due, the complaint alleges that "the time mentioned in the condition of the bond has expired, but the terms and conditions of said bond have not been complied with and performed," and that "by reason of the premises said defendants are indebted to plaintiff on said bond in the sum of $3,708.07, which they wholly neglected and refused to pay," but does not allege that there were any duties on the goods, what they were, or to what amount they remain unpaid, the complaint is insufficient, and a demurrer thereto should be sustained.

At Law.

W. Usher Parsons, Asst. U. S. Atty.
George P. Hotaling, for defendants.

WHEELER, District Judge. This action is brought upon a warehouse bond. The Revised Statutes provide:

"Sec. 961. In all suits brought to recover the forfeiture annexed to any article of agreement, covenant, bond, or other specialty, where the forfeiture, breach, or non-performance appears by the default or confession of the defendant, or upon demurrer, the court shall render judgment for the plaintiff to recover so much as is due according to equity. And when the sum for which judgment should be rendered is uncertain, it shall if either of the parties request it, be assessed by a jury."

The bond is annexed to the complaint, is for the penal sum of $36,000, and recites the importation of 54 bales of tobacco, the entry thereof in bond, and then proceeds:

"Now, therefore, the condition of the above obligation is such that if, within three years from the said date of original importation, the said goods, wares, and merchandise shall be regularly and lawfully withdrawn from public store or bonded warehouse, on payment of the legal duties and charges to which they shall then be subject, or if at any time within three years from the said date of original importation they shall be so withdrawn for actual export beyond the limits of the United States, then the above obligation to be void; otherwise to remain in full force."

The complaint alleges that "the time mentioned in the condition of said bond has expired, but the terms and conditions of said bond have not been complied with and performed," and that "by reason of the premises said defendants are indebted to plaintiffs on said bond in the sum of $3,748.07, which they have wholly neglected and refused to pay," without more in respect to any breach, and the defendants have demurred.

This bond is to secure the duties on the goods, and, under this statute with reference to which it must be read, nothing can be recovered in an action on the bond but the unpaid duties, or damages for their nonpayment. U. S. v. De Visser (D. C.) 10 Fed. 642; U. S. v. Cutajar, 14 C. C. A. 515, 67 Fed. 530. By the rules of pleading, the facts constituting the right of recovery should be set out. This would include allegations that there were duties on the goods, what they were, and to what amount they remain unpaid, and there would be no breach if none remained unpaid. This is not like cases where, without pleas of performance, there may be a judgment for the penalty of the bond, to be reduced to what is equitably due as a favor; for here, without failure to pay the duties, there can be no breach, and here there is not only a want of allegation of nonpayment of duties, but also that there were any to be paid. When met by demurrer, such a complaint must, according to these views, be adjudged insufficient.

Demurrer sustained.