## DIECKERHOFF et al. v. UNITED STATES.

### (Circuit Court of Appeals, Second Circuit. February, 1905.)

### No. 22.

CUSTOMS DUTIES—BOND FOR RETURN OF UNEXAMINED MERCHANDISE—DAMAGES FOR BREACH—NECESSITY OF PROOF.

Certain importers failed to return, on demand of the collector of customs, merchandise delivered to them without examination; this failure constituting a breach of the conditions of a bond given by them, under section 2899, Rev. St. [U. S. Comp. St. 1901, p. 1921], in double the estimated value of such merchandise. The collector, without proof of any damage suffered, sought to recover such double value. *Held*, that the penalty of the bond is not to be considered as liquidated damages; that the object of the bond is to protect the government in the assessment, valuation, and collection of duties, and to make good, within the limit named in the penalty, any damages incurred in case of breach; and that without proof of actual damages there could be no recovery.

Wallace, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment of the Circuit Court, Southern District of New York, in favor of the United States, for $369.12 on a customs bond. Note United States v. Dieckerhoff (C. C.) 103 Fed. 789.

W. Wickham Smith, for plaintiff in error.

Chas. D. Baker, for the United States.

Before WALLACE and LACOMBE, Circuit Judges, and HOLT, District Judge.

LACOMBE, Circuit Judge. On or about January 13, 1897, the plaintiffs' firm imported seven cases of goods. The collector sent one of these packages, case 418, to the public stores, and delivered the remaining cases to the importers. Prior to this importation a bond for the delivery of unexamined packages, commonly known as a "six months' bond," had been executed by these importers, with sureties. On or about January 18, 1897, the collector, having received a report from the appraiser, called upon the defendants to send case No. 420 to the public stores, which request was not complied with. Subsequently suit was brought on the bond for $3,044, being double the estimated value of the importation. It was conceded on the trial that there was no proof that the United States suffered any damage by reason of the failure of the importers to return said package No. 420, and that there could be no proof. A clerk from the custom house testified, against objection and exception, that he had made an estimate of the value of package 420 from the invoice, and that the value thereof was $184.56. The court directed a verdict for double that amount.

Imported merchandise is examined by the customs officers, so that it may be properly appraised and classified. In order to facilitate such examination, the collector, under authority of statute, usually directs that one package out of every ten in each entry be

examined. If the result is satisfactory, the others are not opened; or the collector may, for any cause, within 10 days after the result of the examination of the package or packages first selected is reported to him, order another or as many other packages as he pleases to be also examined. If all the packages comprising each importation were kept in the custody of the government during this period, greater warehouse capacity would be required, and as far back as 1830 provision was made for a delivery of part of his importation to the importer. That statute is now section 2899, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1921], and reads as follows:

"No merchandise liable to be inspected or appraised shall be delivered from the custody of the officers of the customs, until the same has been inspected or appraised, or until the packages sent to be inspected or appraised shall be found correctly and fairly invoiced and put up, and so reported to the collector. The collector may, however, at the request of the owner, importer, consignee, or agent, take bonds with approved security, in double the estimated value of such merchandise, conditioned that it shall be delivered to the order of the collector, at any time within ten days after the package sent to the public stores has been appraised and reported to the collector. If in the meantime any package shall be opened, without the consent of the collector or surveyor given in writing, and then in the presence of one of the inspectors of the customs, or if the package is not delivered to the order of the collector, according to the condition of the bond, the bond shall, in either case, be forfeited."

This statute contemplated a separate special bond for each importation. In practice it has been found convenient to take a general bond running for six months, which is based upon a scheme by which this general bond, by a system of indorsements, authorized to be made and made by the collector, of the estimated value of each importation, is transferred into a series of separate bonds, with penalties in double the estimated value of each importation, and the statutory conditions stated applicable to each separate entry. Such general six months' bond is authorized by treasury regulations, and the propriety of exacting it in place of separate special bonds is not disputed. The bond sued upon is in the amount of $50,000, and provides:

"The condition of this obligation is such, that if each and every package or packages of each and every importation made by the said principals at any time within six months from and after the date of these presents, and delivered from the custody of the officers of the customs, in pursuance of section 2899, Revised Statutes of the United States, shall, within ten days after the package or packages designated by the collector and sent to the public store to be opened and examined have been appraised and reported to him, be returned to the order of the collector without having been opened, except with the consent of the collector or surveyor, given in writing, and then in the presence of one of the officers of the customs, or if the above-bounden obligors shall, in lieu of such return, pay to the proper collecting officer of said port double the estimated value of the package or packages of merchandise not so returned, then this obligation is to be void; otherwise, to remain in full force and virtue. And the above-bounden obligors do, for themselves, their heirs, executors, administrators, and assigns, jointly and severally covenant and agree with the United States that the collector of customs aforesaid shall indorse on this bond the estimated value of each importation as made, and the date thereof, and that the penalty of this bond shall be held to be double the value of each importation as made and indorsed as aforesaid, and that the value of the importation, where there is no

violation of the conditions of this bond, shall not in any way affect the liability in those cases where there shall be a violation thereof."

It will be observed that in one respect the bond fails to conform to the statute. In the first paragraph above-quoted it is provided that the bond shall be void if the "obligors shall, in lieu of such return, pay to the proper collecting officer of said port double the estimated value of the package or packages of merchandise not so returned." The statute provides that the security shall be in double the value of the merchandise delivered to the importer, and that if "any package" is improperly opened, or is not delivered to the order of the collector, "the bond shall, in either case, be forfeited." This error in phraseology is corrected, however, in the second paragraph, where the obligors covenant that the penalty of the bond shall be held to be double the value of each importation as made and indorsed. The defendants concede that such is the proper construction of the bond, and that it is a valid bond providing such penalty; and, inasmuch as the only bond the collector was authorized to take was one conformable to the statute, the bond in suit is to be considered as if the inconsistent words in its first paragraph were eliminated.

It is elementary law that the penalty named in a bond will be considered as covering, to the extent of the sum named, the damages which the party in whose favor the stipulation is made may have sustained from the breach of contract by the opposite party. It is incumbent upon the party who claims that the penalty is liquidated damages to show that they were so considered by the contracting parties. Tayloe v. Sandiford, 7 Wheat. 13, 5 L. Ed. 384. Certainly there is nothing on the face of this bond to indicate that the parties agreed that it should be so considered. There is a line of authorities, some of which are cited on the briefs, holding that, where the sum named in the bond is a fixed penalty imposed by law as a punishment for a breach of duty enjoined by law, the court will not undertake to alter or refuse the penalty which the Legislature has fixed for the nonperformance of a statutory duty. It was so held in Clark v. Barnard, 108 U. S. 436, 2 Sup. Ct. 878, 27 L. Ed. 780, where the statute granting authority to extend a line of railroad provided that the railroad company should deposit with the State Treasurer "their bond, in the sum of $100,000, that they will complete the said road before January, 1872." In United States v. Pingree, 1 Spr. 339, Fed. Cas. No. 16,050, the bond was for rewarehousing, and the statute expressly provided that if the goods were not rewarehoused the collector should levy and collect the original duty plus an additional duty of 100 per cent. In United States v. Oteri, 67 Fed. 146, 14 C. C. A. 344, the law required that in cases of withdrawal for export the exporter should give bond in a penal sum equal to double the amount of the estimated duties to produce the proof required by law of the landing of the same beyond the limits of the United States. In United States v. Hatch, 1 Paine, 336, Fed. Cas. No. 15,325, the statute required the master to enter into a bond in the sum of $400 that he shall exhibit a cer-

tain certified copy of a list of his crew, and also the crew (except such as may have died, absconded, etc.), to the boarding officer at the first United States port he might reach. In United States v. Montell, Taney, 47, Fed. Cas. No. 15,798, the statute required a bond to be given, in an amount which varied with the tonnage of the vessel, conditioned that the certificate of registry of the vessel shall be solely used for the vessel for which it is granted, and shall not be sold, lent, etc. The court said:

"It would be difficult by any course of proof, or by any process of reasoning, to show that the United States had sustained any particular amount of damages in a case of this description, or to adopt any rule by which the damages could be measured by a jury or be liquidated by agreement between the parties. The sum for which the parties are to become bound is manifestly a penalty or forfeiture, inflicted by the sovereign power for a breach of its laws. It is not a liquidated amount of damages due upon a contract, but a fixed and certain punishment for an offense."

The case here presented is more like that in United States v. Cutajar, 67 Fed. 530, 14 C. C. A. 515. The object of the bond is to protect the government in assessment, valuation, and collection of its duties. By inspection of the contents of any package the customs officers ascertain what the goods are and what their value is. They are thus enabled to liquidate the amount of duty, in the event of undervaluation to impose excess duties, and in the event of fraud to proceed to forfeit the goods. With the package in their possession it is a very easy matter to ascertain its contents, but such information may be obtained otherwise. The persons who packed it or saw it packed, the persons who unpacked it or who took possession of its contents, could show what those contents were. It might be an expensive matter to procure this testimony as to any missing package, but the penalty of the bond is large enough to cover such expenses and all additional duties besides. These are the damages which the government sustains by reason of the non-return of the package, and in our opinion the bond is conditioned to make good such damages within the limit named in the penalty, double the estimated value of the importation.

The argument that great hardship might result from any particular construction of an act of Congress is not usually of much weight; but it may fairly be considered that, if the sum named in the bond were held to be liquidated damages, an importer might not infrequently be fined $50,000, or $100,000, when his importation was a large one, merely because he had opened a single package, worth maybe $100, in the presence of an inspector, but without the written consent of the collector or surveyor.

The judgment is reversed, and cause remanded for a new trial.

WALLACE, Circuit Judge (dissenting). As I do not wholly concur in the opinion of Judge LACOMBE, I will briefly state the reasons why I think the judgment should be reversed.

If the bond, instead of being a statutory, were only a voluntary bond, it is too plain to admit of discussion that the double value would be regarded as a penalty, and the obligors would be liable

only for the damages actually sustained by the obligee by a breach of any of the conditions. Bignall v. Gould, 119 U. S. 495, 7 Sup. Ct. 294, 30 L. Ed. 491. Being a statutory bond, however, it is to be treated as imposing upon the obligors the liability contemplated by the statute.

If it is the meaning of section 2899, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1921], that the importer shall become liable under his bond for double the value of his entire importation of merchandise in case he fails to redeliver a single package of it to the customs officers for reappraisement within the 10 days specified, the judgment below ought to be affirmed, upon the ground that it is a more favorable one to the defendants than they were entitled to.

I think this is not the meaning of the statute, and that its language does not require such a harsh construction. It permits the collector to estimate the value of all the packages, and requires him to exact a bond from the importer in double the estimated value of the whole number, which is to be so conditioned that it shall be forfeited if within a specified. time all those delivered to the importer are not redelivered to the collector, or if any one of them is not redelivered, or if any one of them in the meantime shall have been irregularly opened. The obvious purpose of the bond is to amply protect the government in the event that none of the packages should be redelivered, or any one of them should not be redelivered, or any one of them should have been opened without the consent of some of the officers of the customs; and the circumstance that the undertaking is to be in double the sum of any conceivable loss is convincing that the sum is in the nature of a penalty, and not of liquidated damages.

If the construction contended for by the government is correct, and the bond liquidates the damages recoverable of the importer, without any regard to the loss which may accrue to the government, and makes him liable to the same extent, whether a single package is inadvertently opened or the redelivery of all the packages is refused, such a construction is so inequitable that it is impossible to believe it was contemplated by Congress.

The language of the statute is satisfied by regarding the double value as the penalty of the bond and the maximum of the importer's liability. Van Buren v. Digges, 52 U. S. 461, 476, 13 L. Ed. 771.

If this construction is correct, it follows that the penalty, like that of bonds ordinarily, when the parties do not agree that it shall be construed as liquidated damages, is recoverable only to the extent of the damage accruing upon the breach. It was incumbent upon the government upon the trial to prove the damages arising from the breach of the condition. The breach consisted in the refusal or neglect of the importers to redeliver to the collector one of the packages of their importation.

The government was entitled to the redelivery of that package, and I think its measure of damages for the breach was the value of the package. In other words, the government was entitled to recover the damages ordinarily recoverable for the breach of a prom-

ise to redeliver goods which the promisee has temporarily intrusted to the possession of the promisor.

An estimate of the value of the package from the importers' invoice was competent evidence, and the government was entitled to a recovery of the value thus shown. But the government was not entitled to a verdict of double that value, as directed by the court below.