# CORBETT *v.* POND.

REPLEVIN; UNDERTAKING IN REPLEVIN; SURETY; ABATEMENT;
APPEALABLE ORDERS.

1. After the delivery to the plaintiff in an action of replevin of the property seized, he cannot, without the consent of the defendant, dismiss the suit or voluntarily withdraw from it unless he returns the property taken or makes good to the defendant the loss sustained by him by the taking.

2. The effect of the undertaking in replevin required to be given in such actions by Sec. 816, R. S. D. C., and the rules of court, is to make the surety a party to the suit equally with the plaintiff; and where a nonresident plaintiff in an action of replevin dies, and there is no local administration of his estate and the foreign personal representative of the deceased plaintiff declines to prosecute the suit, the defendant is entitled to proceed against the surety on the undertaking in.replevin.

3. The act of Maryland of 1785, Chap. 80, Sec. 1, relating to the abatement of actions by the death of parties upon failure to revive within a specified time, does not apply to a case where there are two or more parties plaintiff, against the survivor or survivors of whom the action may be continued; *distinguishing* Danenhower *v.* Ball, 8 App. D. C. 137.

4. An order is a final order and appealable which overrules a motion by the defendant in an action of replevin for a jury of inquest to assess the damages sustained by him, and for judgment in his favor that the goods replevied be returned to him with damages, or upon failure of such return that he should recover against the surety in the replevin undertaking (the plaintiff being dead) the damages sustained to be assessed by the jury of inquest.

No. 611.  Submitted November 20, 1896.  Decided January 4, 1897.

HEARING on an appeal from an order in an action of replevin by the defendant overruling a motion after a jury of inquest and judgment for damages or return of goods replevied.  *Reversed.*

The COURT in its opinion stated the case as follows:

On February 21, 1891, one James H. Gulick, as executor

10 Ct. App.—3

of the last will and testament of Emmeline M. Gulick, instituted a suit in replevin at common law against the appellant, Edward Corbett, as defendant, to recover from him certain specific chattels or personal property alleged to be of the value of $500. As required by the statute, the plaintiff in the suit filed with his declaration an undertaking with the appellee, William G. Pond, as surety, in which the two undertook, "for themselves and each of them, their and each of their heirs, executors and administrators, to abide by and perform the judgment of the court in the premises, which judgment may be rendered against all the parties whose names are hereto affixed." And both Gulick and Pond affixed their names to the undertaking. Upon the filing of this declaration and undertaking, the writ of replevin was issued and served by the marshal; and the property was seized and delivered by the marshal to the plaintiff in accordance with a schedule filed in the cause.

Subsequently, the defendant pleaded the usual plea of "not guilty," and there was joinder of issue by the plaintiff upon his plea. But before the issue thus made up was tried the plaintiff died, and the attorney for the defendant, on December 31, 1892, suggested his death upon the record. No further action seems to have been had in the cause until October 12, 1895, when the attorney who had filed the suit for the plaintiff came into court, without notice, it is said, to the defendant or his attorney, and moved that the suit should stand abated, as the same had not been revived; and thereupon an order was entered to the effect that, inasmuch as it appeared to the court that the death of the plaintiff had been suggested on December 31, 1892, and there had been no appearance or proceeding by either party since that time, the suit should stand abated and the defendant should go thereof without day.

Subsequently, on April 3, 1896, the defendant came into court and moved for a jury of inquest to assess the damages sustained by him, and for judgment in his favor that the

goods taken from his possession under the writ be returned to him with damages, or, upon failure of such return, the defendant should recover against Pond, the surviving surety, the damages sustained to be assessed by the jury of inquest. Upon argument of this motion before the court, it was overruled and denied. And from the order overruling it the present appeal has been prosecuted.

It should be added, as was admitted in open court in the argument before us, that the plaintiff in the cause had received his letters testamentary from the courts of the State of Pennsylvania, and not from those of the District of Columbia; that he sued as a foreign executor or administrator by virtue of the statute allowing such suits; that, upon his death, letters of administration, *de bonis non, cum testamento annexo,* were issued by the same courts of Pennsylvania; that the administrator thus appointed declined to appear in this cause; and that it was considered by the defendant or his attorney that there was no way provided by law whereby his appearance could be enforced. And it was suggested by counsel for the appellee that the only course open to the defendant, the appellant here, was to institute proceedings of some kind in the courts of Pennsylvania.

*Mr. Leigh Robinson* and *Mr. Conway Robinson* for the appellants:

1. Under the act of February 28, 1887 (24 Stat. 431), executors or administrators appointed in any of the United States can sue in this District.

2. The undertaking is a joint and several obligation of the plaintiff below and his surety. At the time of filing the declaration in replevin the plaintiff in the court below entered into an undertaking, with surety approved by the clerk, to abide by and perform the judgment of the court in the premises, as required by Sec. 816, R. S. D. C. See *Gaddis* v. *Hawk,* 10 Serg. & R. 37.

3. Under the laws in force in this District there was no

abatement either of the action or cause of action by reason of such death. The Maryland act of 1785, Ch. 80, Sec. 1, prevents the action as contradistinguished from the cause of action from abating by the death of the plaintiff.

The Maryland act of 1798, Ch. 101, Subch. 8, Sec. 5, prevents the abatement of the cause of action, as contradistinguished from the suit or action based thereon, by the mere death of the plaintiff in all personal actions, except actions of slander, and for injuries and torts done to the person. See also Subch. 14, Sec. 4. Under these statutes, in the case at bar neither the cause of action nor the pending suit or action brought thereon abated by the death of the plaintiff.

Only in "actions of slander and for injuries or torts done to the person" does mere death itself of the plaintiff abate the action, and it abates the action in those cases because the cause of action does not survive such death; but in other actions, where both the action and the cause of action survive the plaintiff's death, it is not the plaintiff's death but the subsequent failure of the proper party to come in and prosecute the suit, which terminates the case; and because of which the act of 1785, Ch. 80, requires it to be " struck off the docket and discontinued."

4. The administrator, *d. b. n., c. t. a.,* of Emmeline M. Gulick, deceased, was the proper party to come in to appear to, and to revive and prosecute this action upon the death of said executor, and could and should have done so. Where a person brings an action in a representative capacity, in case of his death, or where his powers as such representative cease, the action should be revived in the name of his successor. There is nothing peculiar to an action of replevin requiring the revivor to be different from that of actions generally. The replevin having been brought by an assignee who died pending the action and having been revived in the name of his successor, as assignee, and the defendant having gained the case, the surety is liable. *Greer*

v. *Howard,* 41 Ohio St. 596, 597. Where an executor brings an action as executor for property not in his possession, but which when recovered (with any damages awarded for its taking and detention) would be assets in his hands, upon his (the executor's) death, the administrator, *d. b. n.*, of the testator is the proper person to be made plaintiff for the further prosecution of the suit. *Cole* v. *Hebb,* 7 G. & J. 21.

5. Failure to prosecute entitled the appellant to a jury of inquest and to a judgment such as was moved for. See Section 822 of the R. S. D. C. In the case at bar there has been a failure to prosecute, and consequently the appellant (defendant below) is entitled to judgment in his favor for a return of the property, or on failure to return the same for his damages to be assessed by a jury of inquest. The law is well settled on this point, and the cases are clear as to the consequence which follows from a failure to prosecute, etc. *Berkhoff* v. *Heckwolf,* 26 Mo. 512; *Beddinger* v. *Pratt,* 35 N. E. Rep. 795; *Gibbs* v. *Bartlett,* 2 Watts & S. (Pa.) 33. The stipulation of an undertaking in replevin that the plaintiff "will duly prosecute the action" means that he will prosecute it to effect. By signing the undertaking his sureties agreed to make good the default of their principal, and whatever liability attaches to him by reason of the obligation must equally bind them. *Beddinger* v. *Pratt,* 35 N. E. Rep. 795. A surety is liable for the default of the personal representatives. *Woolfroth* v. *Ingram,* 53 Ala. 12; *Greer* v. *Howard,* 41 Ohio St. 596.

Ordinarily, where a plea in abatement is sustained, whether on a question of law or fact, the judgment would be that the writ be quashed, and that the suit abate; but in the case of replevin, the simple entry abating the writ would leave the property in the hands of the plaintiff, who has improperly obtained it, and there should be judgment entered for the return of the property and a writ of inquiry awarded to ascertain its value and assess the damages as in case of

nonsuit.  *Kendrick* v. *Watkins,* 54 Miss. 498; *Moxey* v. *White,* 54 Miss. 84.   See also *Fleet* v. *Lockwood,* 17 Conn. 239.

In the case of *Tuck* v. *Moses,* 58 Me. 474, it was held that an action of replevin "is not disposed of until the question of return is acted upon.   That is the final judgment in the case, and until that is rendered both parties are in court with a right to be heard."

*Mr. Charles C. Lancaster, Mr. Charles E. Eccleston* and *Mr. George E. Hamilton* for the appellee:

1. Upon the death of the plaintiff in replevin before trial and judgment, no judgment can be rendered against the surety on the replevin bond when no personal representative or successor of the deceased plaintiff has been substituted as party plaintiff.   By the common law the death of either plaintiff or defendant would abate the action. *Green* v. *Watkins,* 6 Wheat. 260.   But the act of Maryland of 1785, Ch. 80, Sec. 1, in force here, provides that no action brought in any court of law shall abate by the death of either of the parties to such action; and it makes provision whereby the representative of the deceased party may come in, or may be required to come and be made substituted party, so that the action may be prosecuted to final judgment.   The statute expressly makes it the duty of the defendant to bring the representative into court, and imposes no duty on the surety to do it.

In the absence of statutory provision the general rule is that the sureties do not become parties to the suit, and acquire no right to control it in any way by signing the bond. Cobbey on Replevin, Sec. 1154.

No service being made on a representative of the deceased plaintiff, and no representative appearing of record, no judgment in favor of the defendant can be entered in the case without violating the provisions of the Maryland act of 1785.

The contract of the surety was "to abide by and perform the judgment in the premises, which judgment may be ren-

dered against all the parties whose names are hereto affixed." No judgment has been rendered in the premises for want of a party plaintiff, and until such judgment has been rendered the contract has not been broken. The sureties on a replevin bond are not liable until there has been a finding and judgment in the replevin suit against their principal. Cobbey on Replevin, Sec. 1311.

If the plaintiff die pending suit the condition to prosecute with effect is not broken, the reason assigned being that the death of the party renders the prosecution of the replevin suit impossible, and the performance of the condition rendered impossible by the act of God. Cobbey on Replevin, Sec. 1261; Wells on Replevin, Sec. 418; *Parsons* v. *Williams,* 9 Conn. 236; *Green* v. *Barker,* 14 Conn. 431; *Persse* v. *Watrous,* 30 Conn. 147; *Burkle* v. *Luce,* 6 Hill (N. Y.), 558; *Morris* v. *Mathews,* 2 Ad. & El. (N. S.) 297.

2. Where no appearance or proceeding by either party is taken until two years, eight months and twelve days after the suggestion on the record of the death of plaintiff by the attorney for the defendant, when the action was struck off the docket and discontinued, the case cannot be revived on motion of defendant for a jury of inquest and for judgment against the surety.

The dismissal of a suit at law, since it fully disposes of that action, is a final judgment; it is a final decision of the case as against all claims made by it. Black on Judgments, Vol. 1, Sec. 27, and authorities cited. Final orders affecting substantial rights and from which an appeal lies are *res judicata* and binding upon the parties, unless reversed or modified by an appellate tribunal. Black on Judgments, Vol. 2, Sec. 691; *Spitely* v. *Frost,* 15 Fed. Rep. 305. Orders striking a cause from the docket have been held to be final. *Hemphill* v. *Collins,* 117 Ills. 396; *McMann* v. *Westcott,* 47 Mich. 177.

The present appeal is not from the judgment entered October 12, 1895, but from the judgment entered June 26,

1896, overruling the motion of defendant for a jury of inquest to assess damages and for judgment, etc., filed April 3, 1896.   This motion could not be sustained by the court below for the reason that there was no cause of action before the court.   For the same reason this appeal should be dismissed by this court.   Even though this appeal be properly before the court, it still should be dismissed on the authority of *Danenhower* v. *Ball*, 8 App. D. C. 137.

3.  This court is without jurisdiction in the premises, because there is no appeal from the order of the court below made in the cause.   That order is not a final order; it leaves the case just where it was before the order was made.   Nor can it be claimed that it falls under the classes of interlocutory orders referred to in the act of February 9, 1893 (27 Stat. 434).   It is merely an order refusing to give judgment against nobody, and refusing to assess damages against the appellee, who had undertaken "to abide by and perform the judgment of the court in the premises," before any judgment had been rendered in the cause.

Mr. Justice MORRIS delivered the opinion of the Court:

We cannot assent to the proposition that, when a suit in replevin has been instituted in this District by a foreign executor or administrator, or, indeed, by any nonresident, and the property sued for has been seized under the writ and delivered to the plaintiff, and the plaintiff thereafter thinks proper to abandon the suit, and yet retains the property, the defendant, from whom the property has been taken under process of law, practically shown by the abandonment of the suit to have been unjustifiable, has no redress in the tribunal which issued the process, and must have recourse to the tribunals of the foreign State where the plaintiff resides, or from which he received his commission.   The adoption of such a proposition would lead to the most monstrous results, and would make the administration of justice in many cases a shield for wrong and a cover for oppression; and the propo-

sition does not commend itself to us as being in accordance with reason or justice.

But it is proper to make some inquiry into the nature of the suit before us, so as the better to determine the merits of the proposition and the merits of this case.

The action of replevin is not, strictly speaking, a common law action, but mainly, if not entirely, of statutory origin and of a peculiar nature. See 3 Blackstone's Com., p. 146–151. And with us it is so greatly regulated by statute (Rev. Stat. U. S. for D. C., Secs. 814–824) that it may be said to have wholly lost any common law character which it may have had, and to depend for its efficacy entirely upon statutory provisions. For the sections of the Revised Statutes referred to provide, not only for the form of the declaration to be filed, but likewise minutely and in detail for all the subsequent proceedings, and for the different forms of judgment to be entered in the different contingencies that might occur.

In this action of replevin, differently from all other actions at common law, both parties are actors. Both are plaintiffs and both are defendants. This is the logical result of the fact that under the peculiar operation of this action there is practically a recovery by the original plaintiff, when he files his declaration, affidavit and undertaking, as required by the statute, and thereupon sues out his writ. For thereafter it is incumbent upon him only to prove his title to the property in controversy, and upon proof of such title satisfactory to the jury, he recovers only a nominal judgment, that is, for costs and usually nominal damages, for in the possession of the property he has already the substantial fruits of judgment; while upon the defendant it is incumbent not only to overcome the plaintiff's claim of title, but likewise to prove the value of the property and his own right to have it returned to him; and the judgment, if he succeeds, is not such a judgment as would be rendered in other cases—a judgment merely that he go without day and recover his

costs—but a substantial judgment for the recovery of the property, for the value of it if it has been eloigned, and for damages for the unlawful seizure. In fact, it may be said that, ordinarily in the action of replevin the only substantial judgment is that which is authorized to be rendered for the defendant in the event that he prevails in the suit.

It is very evident, therefore, that in this suit the defendant is greatly more the actor than is the original plaintiff. Indeed, in most cases the plaintiff would be entirely satisfied to be permitted to withdraw from the suit and to abandon it immediately upon the delivery of the property to him under the writ. But to permit him so to do would, of course, be a gross prostitution of the processes of justice. It is not competent for the plaintiff, in an action of replevin, as it is in other actions, to discontinue or dismiss his suit or voluntarily to withdraw from it, without the consent of the defendant, after the property has been delivered to him under the writ, unless he returns the property taken or makes good to the defendant the loss sustained by him by the taking. And this is for the reason that, after the property has been seized and delivered to the plaintiff, the defendant becomes the virtual plaintiff in the case. This is elementary law; and it is the natural dictate of justice. *Jones* v. *Concannon*, 3 T. R. 661; *Barrett* v. *Forrester*, 1 John. Cases, 247.

But no more by the plaintiff's death, nonresidence, or removal from the jurisdiction, than by his voluntary abandonment of the suit, can the defendant be barred of his right of restitution of the property. That right is an absolute right in the pending suit in the event of the failure of the plaintiff for any cause to prove his title. The seizure and delivery of the property to him depended for their efficacy and permanency upon the condition that he should thereafter in that suit maintain the validity of his right and title thereto. If for any reason he failed to perform that condition, the defendant became entitled to a return of

the property, and to have judgment therefor. It would be absurd to suppose that the plaintiff's death would sanction his title, determine the suit in his favor, and wholly absolve him from the performance of the condition upon which alone he had obtained possession.

It is true that, assuming the plaintiff to have virtually become the defendant, and the defendant to have virtually become the plaintiff in this action of replevin, the death of one of the parties in this as in other actions precludes further proceedings against him or his estate until his representative becomes or is made a party to the suit. And it is also true that an executor or administrator is not, in general, bound to continue litigation undertaken by his decedent; nor is an administrator, *de bonis non,* bound to continue litigation undertaken by his predecessor in the administration. But in view of the peculiar character of the action of replevin, such as we have stated it to be, a defendant has the right to compel an executor or administrator to become a party to the suit; and it is not at the option of such representative of the estate of a decedent to prosecute or abandon the suit as he thinks proper. He can only abandon it upon condition of returning the property to the defendant, or making good to him the loss which he has sustained by the unlawful taking which is confessed by the abandonment.

The difficulty which is presented here of the impossibility of compelling the appearance of a nonresident or foreign administrator, and against which it seems that no provision was made by Congress when it enacted the statute authorizing suits in this District by foreign executors or administrators, presents no insuperable objection to further action in the present case. For it is not sought here to continue the proceeding against the foreign administrator or against the estate which he represents, but only against another person, one within the jurisdiction of the court, who has become a party to the suit and who has made

himself amenable to a judgment against him in this cause in favor of the defendant, namely, the surety upon the undertaking.

Section 816 of the Revised Statutes of the United States for the District of Columbia, being one of the provisions regulating the action of replevin, provides that "the plaintiff shall at the same time (that is, at the time of filing his declaration) enter into an undertaking with surety, approved by the clerk, to abide by and perform the judgment of the court in the premises." The form of undertaking given in the present case, apparently in accordance with the requirements of the rules of the Supreme Court of the District of Columbia, added a provision not required or prescribed by the statute, but which would seem to be a proper requirement, and one at all events against the validity of which no question has been or can well be raised here. This provision is to the effect that the judgment, which it was undertaken to abide by and perform, might be rendered against both of the parties to the undertaking, that is, against the surety as well as the principal. In that regard, of course, the undertaking was effective only as against the surety, for the plaintiff, who was the principal, would have been bound without it.

The purpose of this undertaking was like that of a recognizance to introduce a new party into the proceeding, who should become bound by the judgment, if judgment there should be against the plaintiff, and liable for its performance; and the undertaking is authorized rather than a bond, as in many other cases, to avoid circuity of action, and to justify the entry of judgment in the same suit both against the principal and the surety, instead of resorting to another action to enforce the liability of the surety. It is not questioned that, if this suit had gone on to trial and judgment in due course, the plaintiff surviving, and the issue had been found against the plaintiff, the judgment might properly have been rendered against both the plaintiff and the

surety, in pursuance of the undertaking. That we understand to be the usual course of action in such cases. And from this it necessarily results that, so far as the surety was concerned, and so far as the defendant was an actor in the action, the suit was one upon the undertaking, in which a judgment, if in favor of the defendant, might be against either or both of the parties to the undertaking, according to circumstances.

It is of no consequence whether the undertaking was a joint or a joint and several obligation. By the death of the principal, the surety became solely liable upon the instrument; and the cause could properly be prosecuted to judgment thereon as against him. The only alternative to this proposition would be, that, by the death of the principal, the plaintiff in the suit, the surety would be released,—which would be a novel and unauthorized theory of law that would render all obligations given in legal proceedings hazardous and many of them useless. The law never contemplated any such condition of things.

In opposition to the conclusion here reached the case of *Danenhower* v. *Ball,* 8 App. D. C. 137, decided by this court at its last January term, is cited, wherein it was held that, by the failure to bring in the representative of a deceased plaintiff by the tenth day of the second term of the court after the suggestion of the death, the action became absolutely abated beyond the power of revival by any one, in pursuance of the provisions of the act of Maryland of 1785, Chap. 80, Sec. 1. But that plainly cannot apply to the case where there are two or more parties plaintiffs, against the survivor or survivors of whom the action may be continued. And we have held that the effect of the undertaking given in this action of replevin was to make the surety a party to the suit equally with the plaintiff.

It is proper, also, to notice another question that has been raised by the appellee. It is that the order appealed from is not a final order, and therefore not the subject of appeal.

But this objection is not tenable. In general, any order is final which puts an end to the litigation, or definitely and permanently arrests its progress. It is not merely judgments and decrees that are regarded as being final; all orders are such that dispose of and terminate a pending suit. Beyond question, the order in the present case is of that character; for as long as it stands no further action in the case is possible.

From what we have said it follows that, in our opinion, it was error in the court below to enter the order here appealed from; and that the motion of the defendant for a jury of inquest should have been allowed. The cause will, therefore, be remanded to that court, with directions to *vacate such order, and for such further and other proceedings as may be proper in the premises and in accordance with law. And it is so ordered.*