## TRI-STATE MOTOR CORPORATION et al. v. STANDARD STEEL CAR CO.

(Court of Appeals of District of Columbia. Submitted October 7, 1921. Decided November 7, 1921.)

No. 3673.

1. **Statutes ⊂⇒159—Rule that in case of conflict later statute repeals earlier seldom applicable when enacted at same time.**

   While there is a rule that, if an irreconcilable conflict exists between two sections of the Code, the later section repeals the prior one, the rule is very seldom applicable, especially where the two sections were enacted at the same time.

2. **Statutes ⊂⇒159—Must be reconciled, if possible, to avoid implied repeal.**

   The conflict between two statutes must be reconciled by construction to avoid implied repeal, if possible, since such repeal is never favored.

3. **Attachment ⊂⇒132—General provision for bonds by parties held not to repeal provision for attachment bond.**

   The provision of Code of Law 1901, § 479a, as added by Act Cong. April 19, 1920, governing bonds required from any party, does not impliedly repeal section 445, making different requirements for an attachment bond under the rule that, where there is a particular enactment and a general one, the particular enactment is operative and the general enactment affects only such cases within its language as are not within the provisions of particular enactment.

Appeal from the Supreme Court of the District of Columbia.

Action by the Standard Steel Car Company, a corporation, against the Tri-State Motor Corporation and another. From an order overruling a motion to dissolve an attachment, defendants appeal. Affirmed.

Levi H. David, of Washington, D. C., for appellants.

Walter C. Clephane, J. Wilmer Latimer, and Gilbert L. Hall, all of Washington, D. C., for appellee.

SMYTH, Chief Justice. From an order overruling a motion to dissolve an attachment the appellants, who were defendants below, bring this appeal by leave of court under section 226 of the Code.

The appellee commenced an action against the appellants and sued out an attachment, which was levied on their goods, giving the bond required by Code, § 445. The appellants say that it should have given the undertaking provided for by Code, § 479a (added by Act Cong. April 19, 1920, 41 Stat. 564), and that its failure to do so rendered the attachment void. This position is bottomed upon the assumption that there is an irreconcilable conflict between sections 445 and 479a, and that as the latter section represents the last expression of the legislative mind, it nullifies section 445.

The last-named section deals exclusively with the matter of attachments. It first enumerates the instances in which an attachment may issue and then says:

"Provided, that the plaintiff shall first file in the clerk's office a bond, executed by himself or his agent, with security to be approved by the clerk, in twice the amount of his claim, conditioned to make good to the defendant all costs and damages which he may sustain by reason of the wrongful suing out of the attachment."

Section 479a declares that—

"In all cases where, by the provisions of this Code, a bond is required from an executor, administrator, administrator cum testamento annexo, administrator de bonis non, guardian, committee, collector, trustee, receiver, assignee for the benefit of creditors, or any other fiduciary appointed or confirmed by the Supreme Court of the District of Columbia, or any member thereof, *or where a bond is required from any party to a cause or proceeding pending in such court, such bond shall be in the form of an undertaking, under seal, in a maximum amount to be fixed by the court, conditioned as required by law*," etc.

It will be observed that under section 445 the bond must be' in twice the amount of the plaintiff's claim, and approved by the clerk, while section 479a requires the bond to be in the form of an undertaking, under seal, in an amount to be fixed by the Supreme Court of the District. There is, therefore, a marked difference between the requirements of the two sections. No mention is made in section 479a of attachments. Its chief purpose seems to be to deal with the bonds of fiduciaries, such as administrators, guardians, trustees, etc. But appellants point to the general phrase thereof which we have italicized, and say it is broad enough to comprehend attachments and that, since it is, there is an irreconcilable conflict between the two sections. Where such a conflict exists, they urge, the later section repeals the prior one.

[1, 2] It is true there is such a rule, but it is very seldom applicable. Iglehart v. Iglehart, 204 U. S. 478, 484, 27 Sup. Ct. 329, 51 L. Ed. 575; Morris v. Hitchcock, 21 App. D. C. 565, 591. Even where applicable, the conflict must be such as cannot be reconciled by construction. If it can be it is the duty of the court to do it—to harmonize and sustain, not destroy. Market Co. v. Hoffman, 101 U. S. 112, 115, 25 L. Ed. 782; Rudolph v. United States ex rel. Gillott, 37 App. D. C. 455, 460; Brotherhood of R. Trainmen v. Groves, 48 App. D.

C. 151, 154. Only when this cannot be done may the court apply the rule which would work a repeal by implication, and such a repeal is never favored. United States v. Mason, 33 App. D. C. 350.

[3] The pivotal question, then, in the case before us, is whether the conflict between sections 445 and 479a is irreconcilable. The answer is found in the following language of the Supreme Court of the United States in United States v. Chase, 135 U. S. 255, 260, 10 Sup. Ct. 756, 757 (34 L. Ed. 117):

"It is an old and familiar rule that, 'where there is in the same statute, a particular enactment, and also a general one, which in its most comprehensive sense, would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment.' * * * This rule applies wherever an act contains general provisions and also special ones upon a subject, which, standing alone, the general provisions would include."

See, also, Atkins v. Disintegrating Co., 18 Wall. 272, 302, 21 L. Ed. 841; Townsend v. Little, 109 U. S. 504, 512, 3 Sup. Ct. 357, 27 L. Ed. 1012; Mutual Life Insurance Co. v. Hill, 193 U. S. 551, 558, 24 Sup. Ct. 538, 48 L. Ed. 788.

And the reason for it, says Mr. Justice Brewer in the last-named case, is that—

"When the parties express themselves in reference to a particular matter the attention is directed to that, and it must be assumed that it expresses their intent, whereas a reference to some general matter, within which the particular may be included, does not necessarily indicate that the parties had the particular matter in thought."

When the Congress enacted section 445, its attention was specifically directed to the matter of attachments, while it may not have been thinking of attachments at all when it framed section 479a. That which must have been in the mind of the Congress controls that which may not have been although included within the language of 479a. Following this reasoning, we hold that section 479a, being a general statute, does not provide for bonds in attachment proceedings—that subject is governed by section 445.

Believing that the court did not err in overruling the motion to discharge the attachment, its action is affirmed, with costs.

Affirmed.