## BYRNE v. TABET.
### No. 456.

Municipal Court of Appeals for the District of Columbia.

Jan. 24, 1947.

Rehearing Denied Feb. 5, 1947.

Paul M. Rhodes, of Washington, D. C., for appellant.

John T. C. Daugherty, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This is an appeal by a defendant from a judgment in an action of replevin in the Small Claims and Conciliation Branch of the trial court. We allowed an appeal in order to determine a question which appears never to have been passed upon in this jurisdiction.

The article sought to be recovered is an automobile fender shield, alleged to be of a value of $40 and also alleged to be irreplaceable. When the action was commenced plaintiff filed an undertaking and a writ of replevin was issued. Personal service was obtained on defendant but the marshal was unable to find the fender shield and returned the writ of replevin as "not executed." No further writ was issued and the case proceeded to trial. At the trial defendant voluntarily produced the shield and put it in evidence to corroborate testimony of one of his witnesses as to certain marks on the shield identifying it as defendant's property. At the conclusion of the evidence, the court took the case under advisement and ordered that the shield be turned over to the marshal pending the decision. Thereafter the court determined that the shield was the property of plaintiff and ordered judgment in his favor for possession of the chattel with one cent damages and costs.

The sole question considered by us is whether the trial court, in an action of replevin, may enter judgment for possession of the chattel when such chattel has not been seized under the writ of replevin.

The action of replevin in this jurisdiction is largely of statutory origin, with specific statutory provisions controlling the institution of the action, the subsequent proceedings and the different forms of judgment to be entered. Code 1940, §§ 11—725 to 11—732 and 16—1801 to 16—1814. See also, Corbett v. Pond, 10 App.D.C. 17; Palmer v. King, 41 App.D.C. 419, L.R.A. 1916D, 278, Ann.Cas.1915C, 1139; Wardman-Justice Motors v. Petrie, 59 App.D.C. 262, 39 F.2d 512, 69 A.L.R. 648.

Code, section 11—726, relating to the Municipal Court, and the corresponding section 16—1805, relating to the District Court, provide that if the defendant is served with process but the return of the writ of replevin is that the officer could not get possession of the goods sued for, "the plaintiff may prosecute the action for the value of the goods and damages for the detention," or "he may renew the writ, in order to get possession of the goods and chattels themselves."

In the present case, though the writ was returned "not executed", the plaintiff did not renew the writ but prosecuted his action without a seizure of the chattel. Under the above cited Code sections we think it is plain that the plaintiff prosecuted his action for the value of the chattel and damages for its detention, and that judgment for such was the only relief authorized under the circumstances. It appears that under statutes in some jurisdictions a plaintiff may proceed to trial without a preliminary seizure and obtain judgment for possession, but we find no authority in our statute for a judgment for possession where the chattel has not been seized under the writ.

At common law seizure under the writ was necessary to maintenance of the action. Our statute, recognizing that seizure may be impossible, makes provision for maintenance of the action where seizure is not made, and contemplates that in such case the plaintiff shall have only a money judgment.

It is contended by plaintiff that the voluntary production of the chattel in court by defendant at the time of trial in effect was a substitute for seizure under the writ, and that the court had the power to hold the chattel and order delivery of it to the one found entitled to possession. However, we find no authority under our statute for holding that when the chattel is produced in court for evidentiary purposes only that the court thereby acquires jurisdiction to impound the chattel and deliver it to one other than the party producing it. The statute makes no such provision and, as we have said, the remedy is strictly statutory. We have no doubt of the power of the trial court to retain possession of any physical piece of evidence pending determination of the cause, but this power is confined to the purposes for which the chattel is produced and does not confer on the court the power of controlling the ultimate disposition of the chattel.

Holding as we do, that the only proper judgment was for the value of the article and damages for its detention, and it appearing that no evidence was taken as to its value, the judgment must be reversed and a new trial awarded.

Reversed with instructions to award a new trial.