## DEW v. SIMON.

No. 1316.

Municipal Court of Appeals for the
District of Columbia.

Argued March 2, 1953.

Decided March 20, 1953.

J. Lawrence Hall, Washington, D. C., for appellant.

Robert H. Campbell, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

The question is whether the trial court ruled correctly in refusing to allow attorney's fees under a bond filed for the protection of a nonresident motorist who was brought into this jurisdiction to defend an automobile collision claim under Code 1951, § 40–403.

Plaintiff Simon effected service of process on defendant, Dew, a Maryland resident, through the Director of Vehicles and Traffic, as authorized by the Code section just cited. Also as required by that section Simon posted an undertaking, binding himself "to reimburse the defendant Charlie Dew on the failure of the said plaintiff to prevail in the action, for the expenses necessarily incurred by the said defendant, including a reasonable attorney's fee in an amount to be fixed by the said Court in defending the action in the District of Columbia * * *."

Defendant prevailed at the trial, the judge upholding the defense that at the time of the collision the automobile was being operated without the consent, express or implied, of the defendant. On appeal we affirmed. Simon v. Dew, D.C.Mun.App., 91 A.2d 214. Defendant then filed a motion in the trial court for an order awarding him expenses incurred in defending the suit, including attorney's fees.[1] To this motion no written opposition was filed. Assigning no reason, the trial court overruled

the motion and the case is now here on defendant's appeal.

The procedure for subjecting nonresident motorists to our jurisdiction and making them answerable for negligence on our highways was first enacted by Congress in 1935. Code 1951, § 40–403. It is similar in purpose to like statutes in other jurisdictions. See 5 Berry, Automobiles, § 5.318, et seq. (7th ed. 1935); 61 C.J.S., Motor Vehicles, § 502. Congress provided that, "The operation by a nonresident * * * of a motor vehicle on any public highway of the District of Columbia shall be deemed equivalent to an appointment by such nonresident of the director of vehicles and traffic * * * to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceedings against such nonresident growing out of any accident or collision in which said nonresident * * * may be involved while operating a motor vehicle on any such public highway," and spelled out the method of accomplishing such substituted service · of process. As a condition precedent Congress prescribed that plaintiff in such a case shall first file an undertaking to be approved by the court; and as we have seen such an undertaking was filed, conforming to the language of the statute.

The purposes of this provision are self-evident. One purpose is to prevent the reckless reaching out into other jurisdictions and forcing nonresidents to come back into the District to defend collision suits.[2] Another purpose is to "reimburse" a nonresident defendant for the expense of successfully defending such an action.

An undertaking of this kind falls within the definition of Code 1951, § 28–2402, as "an agreement * * * upon which a judgment or decree may be rendered in the same suit or proceeding * * *" in which it had been filed. We are not told why such relief was withheld in this case: the basis of appellee's opposi-

1. Actually, he waived his claim for general expenses, and demanded only an award of attorney's fee.

2. This problem was recognized by the Supreme Court in laying down the minimum requirements of due process in such cases. Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446.

tion to the motion is not disclosed in the record and the trial judge gave no reason for his ruling.

In appellee's brief it is contended that Dew should not be regarded as a non-resident because he operates taxicabs in this jurisdiction and because he lives "within the metropolitan area" in nearby Maryland. But the statute makes no such distinction. Furthermore appellee herself when she filed her suit classified and denominated Dew as a nonresident and proceeded against him as such. It is clear that the special provisions of the statute were invoked against him as a nonresident, that he was required to come into the District to defend the suit, that he engaged an attorney to defend him, and that there was a "failure of the plaintiff to prevail in the action." All the features named in the statute being present it would seem, at least in the absence of special circumstances, that an attorney's fee should have been allowed. It is not necessary to hold, as appellant would have us do, that the provisions of the statute as to attorney's fees are mandatory, for it may be that in some cases there would be a valid reason for refusing to award an attorney's fee. No reason at all was presented in this case.

It is true that there was no showing by affidavit or other proof of the nature and value of the attorney's services. But since the judge refused to entertain the claim there would have been no reason for appellant offering proof of value. Moreover no such proof was necessary: the motion was presented to the same judge who had tried the case and he could have fixed the amount of the fee without taking evidence on the subject, for he is to be considered an expert on the value of legal services. Tyler v. Dixson, D.C.Mun.App., 57 A.2d 648.

We must order that the ruling refusing attorney's fees be reversed. If appellant wishes to have his judgment run against the surety on the undertaking, such surety should first have notice and an opportunity to be heard.

Reversed.