Godfrey P. SCHMIDT, Appellant,

v.

Lawrence T. SMITH et al., Appellees.

No. 18664.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 18, 1964.

Decided Feb. 4, 1965.

⊸339

Mr. Cornelius H. Doherty, Washington, D. C., for appellant.

Mr. George R. Gallagher, Washington, D. C., with whom Mr. Edward Gallagher, Washington, D. C., was on the brief, for appellees.

Before EDGERTON, Senior Circuit Judge, and FAHY and BURGER, Circuit Judges.

FAHY, Circuit Judge:

Plaintiff in the District Court, one of the appellees in this court, sued appellant, defendant there, a nonresident of the District of Columbia, for legal services said to have been performed by plaintiff in the New York law office of defendant. Plaintiff caused an attachment before judgment to be issued against funds of defendant in this jurisdiction. He filed an attachment bond, with himself as principal and appellee Glens Falls Insurance Company as surety. The case was tried and resulted in judgment for defendant, entered January 13, 1964, and not appealed.

On March 24, 1964, defendant filed in the case a motion demanding judgment against plaintiff and his surety for damages said to have been sustained

by the attachment, specifying the amount. Appellee Insurance Company filed an opposition to the motion for judgment and plaintiff moved to dismiss the motion. The District Court granted the motion to dismiss, without prejudice to the filing by defendant of an independent action. The court cited Tri-State Motor Corp. v. Standard Steel Car Co., 51 App.D.C. 109, 276 F. 631 (1922), and Davis v. Peerless Insurance Co., 103 U.S.App.D.C. 125, 255 F.2d 534 (1958). Defendant appeals.

The question presented is one of first impression in this jurisdiction. It is understandable that the District Court considered that defendant's claim should be pursued by an independent action rather than by motion for judgment in the case in which the attachment bond had been filed. However, we are constrained to conclude that the method pursued by defendant was available as an alternative to an independent action.

The attachment bond, filed pursuant to D.C.Code § 16–301 (1961), is by statute "conditioned to make good to the defendant all costs and damages which he may sustain by reason of the wrongful suing out of the attachment." [1] This provision was first enacted March 3, 1901 by 31 Stat. 1258, Ch. 854, § 445. In 1920, (41 Stat. 564, Ch. 153, § 479a), there came into the Code Section 28–2403 relating primarily, as its title demonstrates, to a "Fiduciary's bond"; but after referring specifically to fiduciary bonds the section goes on to state, "where a bond is required from any party to a cause or proceeding" pending in the District Court "such bond shall be in the form of an undertaking, under seal, in a maximum amount to be fixed by the court, conditioned as required by law, the surety or sureties therein submitting themselves to the jurisdiction of the court" and agreeing that upon default by the principal in any of the conditions of the bond,

"the damages may be ascertained in such manner as the court shall direct; that the court may give judgment thereon in favor of any person thereby aggrieved against such principal and sureties for the damages suffered or sustained by such aggrieved party, and that such judgment may be rendered in said cause or proceeding against all or any of the parties whose names are thereto signed."

Jurisdiction with respect to the matter is then vested in the District Court, followed by a provision that nothing therein contained shall deprive any party having a claim or cause of action upon such undertaking from electing to pursue his "ordinary" remedy by suit at law or in equity.[2]

In Tri-State Motor Corp. v. Standard Steel Car Co., supra, cited by the District Court, the court rejected the contention that attachment bonds must be in the form of an undertaking as required by Section 28–2403, holding that the general provisions of that section do not supersede the provisions of Section 16–301 relating specifically to attachment bonds.[3] And in Davis v. Peerless Insurance Co., supra, also cited by the District Court, we upheld as appropriate a separate action on an attachment bond, as authorized by Section 28–2401. But we did not hold a separate action to be the exclusive remedy, and the earlier case, while it holds that

---

1. As of December 23, 1963, this provision is found in 16 D.C.Code 501 (Supp. II, 1964).

2. Section 28–2401 of the D.C.Code defines a bond as signifying an obligation in a certain sum or penalty subject to a condition on breach of which it is to become absolute "and to be enforceable by action." And Section 28–2402 defines an undertaking as signifying an agreement entered into by a party to a suit or proceeding with or without sureties upon which a judgment or decree may be rendered in the same suit or proceeding against the party and sureties, if any, the party and sureties submitting themselves to the jurisdiction of the court for that purpose.

3. The court was there construing Sections 445 and 479a of the D.C.Code. These provisions are now found in Sections 16–301 and 28–2403 of the 1961 Code.

Section 28–2403 "does not provide for bonds in attachment proceedings," did not involve the procedure for pursuing a remedy for breach of the condition of a bond. Neither case governs the one now before us.

■ Section 28–2403 is a delineation by Congress of a method by which a judgment may be obtained against the principal and surety upon default by the principal of any of the conditions of an undertaking or bond as therein defined. It authorizes such a judgment to be rendered in the same proceeding in which the undertaking or bond there referred to is filed. If, in view of Sections 28–2401 and 28–2402, note 2, *supra*, read with Section 28–2403, no distinction relevant to the procedural question here involved is now to be drawn between an attachment bond and an undertaking, though the former must still meet the requirements of Section 16–301, the procedure for obtaining costs or damages authorized by Section 28–2403 applies to an attachment bond. And even if some distinction is to be maintained, we see no reason why the District Court by analogy may not adopt a procedure like that authorized by Section 28–2403 for claiming such costs or damages for breach of the condition of an attachment bond, under proper safeguards, though not exclusive of an independent action should the defendant prefer that course. If the party aggrieved by the unsuccessful attachment timely asserts his claim to costs and damages in a good pleading consonant with the nature of the claim, we think he may pursue it in the same case, which he clearly may do with respect to an undertaking filed pursuant to Section 28–2403.[4] Assertion of the claim in this manner, however, does not disable plaintiff from

utilizing the defensive rights available to him were an independent action filed, such as the right of discovery. Moreover, we go no further now than to approve the assertion of a claim for costs or damages growing out of the wrongful suing out of an attachment, and then only after decision has been rendered in the main case in which the bond was filed. We do not open the door to claims or counterclaims in general.

■ The District Court if so advised may adopt reasonable rules of practice governing the assertion of such a claim in the manner we now approve. The time within which it may be so asserted may be limited by rule so as to avoid holding the original case open unduly long. No problem of this character arises in the present case; for defendant's claim was timely asserted in the absence of a rule fixing a shorter period after judgment in the original case.

■ There seems to be no doubt the plaintiff was properly served in the proceedings we now hold were available to defendant; and while, as the court held, Rule 73(f) was not available as a means of serving the surety, the ability of defendant to make service upon the surety is not thereby necessarily foreclosed, a matter we leave open.

Reversed and remanded for further proceedings not inconsistent with this opinion.

BURGER, Circuit Judge (concurring):

I agree entirely with so much of the court's opinion as finds inherent power in the District Court to allow the procedure appellant seeks. However, I reach the result only by analogy to § 28–2403 of the D.C.Code Ann. for, as

---

4. Defendants in similar proceedings have been allowed, after judgments were rendered in their favor, to press their claim for wrongful attachment in the same action. *Cf.* Corbett v. Pond, 10 App.D.C. 17 (1897), where the plaintiff and surety were required to file an undertaking in a replevin suit, an action now encompassed

within § 16–301; and Dew v. Simon, 95 A.2d 482 (D.C. Mun.App. 1953) where an undertaking was filed after service under the nonresident motor vehicle statute. And see United States Fid. & Guar. Co. v. Wrenn, 67 App.D.C. 94, 89 F.2d 838 (1937).

I see it, the way is not open to us in light of our holding in the *Tri-State* case, *supra*, to rest *directly* or exclusively on the express provisions of § 28–2403. Under our *Tri-State* holding § 28–2403 does not apply to attachment bonds.