## OLSEN v. MUSKEGON PISTON RING CO.
### No. 8404.

Circuit Court of Appeals, Sixth Circuit.

### Jan. 14, 1941.

Dean S. Face, of Grand Rapids, Mich., and John G. Anderson, of Muskegon, Mich., for appellant.

Edward C. McCobb, of Grand Rapids, Mich. (McCobb & Heaney and Robert A.

Johnson, all of Grand Rapids, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from an order holding a prior adjudication a complete bar to the instant suit, and entering judgment on the pleadings for appellee, and from an order denying a motion to vacate the judgment.

The former suit was an action filed in the District Court for the Western District of Michigan, praying for issuance of stock by appellee to appellant and for an accounting. After the case was at issue, on May 26, 1936, the court notified counsel that the case would be set for hearing on June 23, 1936. Appellant's principal counsel, a Chicago attorney, on June 11, 1936, asked for a continuance, but was notified that appellee would oppose any delay. On or about June 19th appellant filed a motion for continuance until the fall term of court, upon the ground of an engagement in the trial of a case before a master in Chicago, to which objections were filed. The motion was denied June 20th. However, at the request of appellant's counsel, the court postponed the trial from June 23rd to June 29th. On June 25th the Chicago counsel notified the court that the trial of the case in Chicago, in which he had been engaged, was then completed, but that he was leaving for New York to be gone several days. On the date set for trial, namely, June 29th, appellant's other attorney attended court and moved to dismiss the action without prejudice. Appellee opposed this, upon the ground of prejudice to appellee. Evidence taken upon that subject showed that the appellee had present in court in Grand Rapids, Michigan, eight witnesses, one from Chicago, two from Sparta, Michigan, and one from Muskegon, Michigan; that one of the witnesses, a resident of Los Angeles, California, had made the trip from California to Michigan in order to testify, and had already been delayed from June 23rd to June 29th because of the week's continuance previously granted; that another witness was 72 years of age, and an affidavit of his personal physician was introduced, stating that this witness, on account of ill health and old age, might become so incapacitated as to be unable to testify. It was also shown that a representative of the Michigan Securities Commission was in Grand Rapids under subpoena; that certain material books of account had already been lost; that two of the directors familiar with the transactions set forth in the bill are dead, and that two material witnesses reside beyond the jurisdiction of the court and are not subject to subpoena. In addition, it was shown that the claim advanced by appellant, if successfully prosecuted, would reduce the book value of appellee's outstanding stock by approximately thirty per ·cent; that appellee was compelled to make extended explanation of the case in connection with the application to the Securities and Exchange Commission for listing of its stock on the national stock exchanges, and that the market value of the stock had been materially and adversely affected by the pendency of the case. $139,000 of appellee's funds were shown to be tied up in cash reserves to protect the stockholders against the possible adverse outcome of this suit at the time of the hearing.

The hearing was then postponed a day in order to secure the presence of the Chicago. attorney. The court on June 30th called upon appellant to proceed upon the merits, but appellant introduced no testimony. The court then entered an order of dismissal, the material part of which is as follows:

"* * * testimony having been introduced in open Court on behalf of the defendant over the objection of the plaintiff relative to legal prejudice the defendant would sustain unless said dismissal be with full prejudice, thereupon consideration thereof, It Is Ordered, Adjudged and Decreed that the motion of the plaintiff to dismiss without prejudice upon payment of costs be denied, to which order and decree the plaintiff duly excepted, and

"Thereupon the Court called upon the plaintiff to proceed upon the merits and the plaintiff failing to respond, It Is Ordered, Adjudged and Decreed that the above entitled cause be dismissed with full prejudice to which order and decree the plaintiff then and there duly excepted."

The order was affirmed by this court (Olsen v. Sparta Foundry Co., 99 F.2d 1011), and a supplemental petition for rehearing was denied.

A bill of complaint was then filed on December 1, 1936, setting forth the identical cause of action averred in the former case. Appellee filed an answer and cross-bill, setting up the existence of the prior suit and judgment, and praying for an injunction against vexatious litigation. Appellee's mo-

tion for judgment on the pleadings was granted by the District Court.

■ The sole question presented is the effect of the dismissal order in the former case. If this order constitutes a bar to the prosecution of the instant action, the judgment of the District Court must be affirmed. We think that the order of dismissal constitutes such bar.

■ While it is true, as urged by appellant, that ordinarily a plaintiff has an absolute right to discontinue his action up to the time of trial, this rule is subject to the exception that the plaintiff may not, by so doing, subject the defendant to some plain legal prejudice other than the mere prospect of a second litigation upon the same subject-matter. Jones v. Securities and Exchange Commission, 298 U.S. 1, 19, 56 S.Ct. 654, 80 L.Ed. 1015; City of Detroit v. Detroit City Ry. Co., C.C., 55 F. 569, 572; Individual Drinking Cup Co. v. Union News Co., 2 Cir., 250 F. 625. Leave to dismiss a bill should not be granted where beyond the incidental annoyance of a second litigation upon the same subject matter, such action would be manifestly prejudicial to the defendant. Electrical Accumulator Co. v. Brush Electric Co., C. C., 44 F. 602, 605. The rule that an exception exists to the right of a plaintiff to dismiss his bill upon payment of the costs, while often exercised where the defendant has acquired rights by some order or decree entered in the case (Cf. Chicago & Alton Rd. Co. v. Union Rolling Mill Co., 109 U.S. 702, 713, 714, 3 S.Ct. 594, 27 L.Ed. 1081), is not confined to such cases. Stevens v. The Railroads, C.C., 4 F. 97. The exception may be based on the nature of the defense, the conduct of the parties, or circumstances appearing in the record which show that it would be inequitable to allow the dismissal without prejudice. An instance of prejudice appears from the proof herein with reference to the effect upon the value of appellee's stock of postponement of the litigation. In City of Detroit v. Detroit City Ry. Co., supra, the court said (55 F. at page 575):

"Moreover, an affidavit has been filed in which it is alleged (and the allegation is not denied) that this litigation has prevented the sale of its bonds, and also that in a short time, during the coming year, if it is to enjoy the franchises it claims, it will have to expend a large amount of money,—more than half a million dollars,—in the improvement of the streets, and of the motive power of its cars. We think it may, on this state of facts, rightfully say that it would be prejudiced by a discontinuance of this suit."

■ We think that under the authorities, the evidence adduced in the former case established that plain legal prejudice would result to the appellee from the granting of a dismissal without prejudice. The dismissal of the first suit was entered upon a finding and legal conclusion made after hearing, and after calling upon appellant to go forward with proof in support of his claim. These findings and conclusions constitute a judicial determination which was affirmed by this court. No appeal was taken from the affirmance, and hence the decision is final and cannot be collaterally attacked.

■ Appellant urges that such a holding deprives him of his day in court and penalizes him for the misconduct of his counsel. The effect of his argument is that he has been deprived of his right to a hearing, because he was not granted permission to present his case at a later day than that set for hearing. However, the right to a day in court means not the actual presentation of the case, but the right to be duly cited to appear and to be afforded an opportunity to be heard. Galpin v. Page, 18 Wall. 350, 360, 21 L.Ed. 959. Appellants' contention that no judgment was rendered on the merits also is not tenable. A judgment on the merits does not require a determination of the controversy after a trial or hearing on controverted facts. It is sufficient if the record shows that the parties might have had their controversies determined according to their respective rights if they had presented all their evidence and the court had applied the law. Freeman on Judgments, 5th Ed., Vol. II, §§ 723–725. Such an opportunity was afforded the appellant, who did not avail himself of the right. Under such circumstances the dismissal with prejudice is justified. Individual Drinking Cup Co. v. Union News Co., supra.

The judgment is affirmed.