## MERCER v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

### No. 765.

Municipal Court of Appeals for the District of Columbia.

March 24, 1949.

Josiah Lyman, of Washington, D. C., (Kathryn M. Schwarz, of Washington, D. C., on the brief), for appellant.

Paul R. Connolly, of Washington, D. C. (Howard Boyd, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The single question on this appeal is whether the trial court improperly refused to allow plaintiff a voluntary dismissal without prejudice. The action filed in August 1947 was on a life insurance policy. Defendant filed an answer denying liability. In May 1948 present counsel for plaintiff came into the case taking the place of the attorney who had filed the suit. In May 1948 he filed a motion for a voluntary non-suit or dismissal of the action, which mo-

tion stated no grounds for the relief sought. It was overruled. It was re-presented by motion for rehearing, which was also overruled. When the case was called for trial counsel again insisted on the right to a "nonsuit" or voluntary dismissal and the matter was argued at some length. The trial judge refused to authorize a dismissal. Thereupon counsel for plaintiff refused to proceed with the case and a finding and judgment for defendant followed.

For many years, under the practice in this jurisdiction, it was the absolute right of every plaintiff to submit to a voluntary nonsuit or dismissal without prejudice at any stage of the case before a decision was made or announced. The plaintiff thereupon became liable only for taxable costs and had the right to sue again on the same claim.[1] This practice has, however, been completely changed by Rule 37(a) of the Municipal Court, an exact counterpart of Rule 41(a), Federal Rules of Civil Procedure, 28 U.S.C.A. By the new rule plaintiffs have lost their right to a nonsuit or voluntary dismissal after defendant's answer has been filed. Beyond that point, says the rule, an action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Plainly, nonsuit is no longer a right of a plaintiff.

Federal Rule 41(a) has been interpreted to mean that the court is given discretion whether to dismiss or not to dismiss an action, with or without prejudice.[2] The discretion is of course judicial. It may not be so exercised as to defeat justice or prolong litigation. Nor can defendants be subjected "to some legal prejudice beyond the incidental annoyance (as distinguished from prejudice) of a second litigation upon the same subject matter."[3]

There is nothing in this case to show that such judicial discretion was improperly exercised when the trial court refused to grant a voluntary dismissal. The first motion for a nonsuit was filed more than nine months after the action was begun. Defendant meanwhile had been long prepared for trial at considerable expense and inconvenience to itself and its witnesses. It had to postpone its original plan for interrogatories on motion of appellant, and arrange for the employment of extra stenographic help. But when the deposition was finally taken appellant made no appearance, although the delay and alteration in plans had been only to accommodate appellant's announced intention to cross-examine the witnesses. Defendant's counsel made two further trips to court with the witnesses in attendance, before the case reached trial.

The chief reason appellant gave in support of her motion for dismissal was her desire to file the suit anew and demand a jury trial. Hence she argues that the refusal to permit dismissal subjected her to material injury and deprived her of fundamental rights. This argument overlooks, however, that her failure to comply with the rules relating to jury trial and to make timely demand therefor constituted a waiver thereof. Kass v. Baskin, 82 U.S. App.D.C. 385, 164 F.2d 513. Nor was she deprived of her "day in court" by the action of the trial judge. She had the opportunity to be heard when the case was ordered to proceed to trial but she did not avail herself of her right.[4] Instead, she spurned it by abandoning her case just as it was going to trial.

Under these circumstances we must hold that appellant has utterly failed to show

[1] American Electrotype Co. v. Kerschbaum, 70 App.D.C. 241, 105 F.2d 764, and cases cited there; Adams v. Davis, D.C.Mun.App., 47 A.2d 792.

[2] Federal Savings & Loan Ins. Corporation v. Reeves, 8 Cir., 148 F.2d 731; Home Owners' Loan Corporation v. Huffman, 8 Cir., 134 F.2d 314; Walker v. Spencer, 10 Cir., 123 F.2d 347, certiorari denied 316 U.S. 692, 62 S.Ct. 1296, 86 L.Ed. 1763; Olsen v. Muskegon Piston Ring Co., 6 Cir., 117 F.2d 163; Evans v. Teche Lines, 5 Cir., 112 F.2d 933; Baker v. Sisk, D.C.E.D.Okl., 1 F.R.D. 232.

[3] Home Owners Loan Corporation v. Huffman, supra, 134 F.2d at page 317; International Shoe Co. v. Cool, 8 Cir., 154 F.2d 778; Olsen v. Muskegon Piston Ring Co., supra; Henjes v. Ætna Ins. Co., D.C.E.D.N.Y., 39 F.Supp. 418.

[4] Olsen v. Muskegon Piston Ring Co., supra, 117 F.2d at page 165.

any abuse of discretion on the part of the trial court in refusing to allow a dismissal and in ordering the case to trial.

Affirmed.