**Jessye M. BARNARD, Appellant,**

v.

**John E. SCHNEIDER and Elizabeth L. Schneider and District of Columbia, a Municipal Corporation, Appellees.**

**No. 13615.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 1, 1957.

Decided April 18, 1957.

Mr. Patrick J. Ogden, Jr., Washington, D. C., with whom Mr. James A. Davis, Washington, D. C., was on the brief, for appellant.

Mr. Richard W. Barton, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee, District of Columbia.

Mr. William H. Clarke, Washington, D. C., with whom Messrs. Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellees, John E. Schneider and Elizabeth L. Schneider.

Before EDGERTON, Chief Judge, and PRETTYMAN and BURGER, Circuit Judges.

PER CURIAM.

Appellant sued in the District Court for $50,000 on account of personal injuries sustained as a result of alleged negligence of appellees. Acting under Title 11, Section 756 of the District of Columbia Code,[1] the District Judge certified the case to the Municipal Court for the District of Columbia for trial, on the ground that it appeared to him that the

1. D.C.Code 1951, § 11–756 (Supp. V).

action would not justify a judgment in excess of $3,000.[2] Under this statute the appellant may be awarded in the Municipal Court such damages, within the $50,000 claimed, as the jury determines.

■■ Appellees urge that the order certifying the case to the Municipal Court is not a final and appealable order, and also that the District Court's action was a proper exercise of discretion. A majority of the court think the order was final and appealable, since trial by the District Court was a claimed right and was not an ingredient of the cause of action. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; Swift & Co. Packers v. Compania Colombiana, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206; United States v. Cefaratti, 91 U.S.App.D.C. 297, 300, 202 F.2d 13, 15. We all agree that there was no abuse of discretion.

Affirmed.

---

2. Inadvertently the District Court order recited "$1000", but the judge intended the figure to be $3000. Neither party raised an issue concerning this typographical error.