Essie Turner **MELTON**, Appellant,

v.

**CAPITAL TRANSIT COMPANY**, a corporation, Appellee.

No. 14110.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 7, 1958.

Decided Feb. 27, 1958.

Mr. Dennis Collins, Washington, D. C., with whom Mr. Harry A. Finney, Washington, D. C., was on the brief, for appellant.

Mr. Francis L. Casey, Jr., Washington, D. C., for appellee.

Before EDGERTON, Chief Judge, and BAZELON and DANAHER, Circuit Judges.

PER CURIAM.

The plaintiff appeals from a District Court order certifying a personal injury suit to the Municipal Court. The transfer was based only on the record as it stood at the date of the order, with medical reports then many months old. Of course the plaintiff will be permitted to offer proof of all factors which may give rise to damages in excess of $3,000. D. C.Code, § 11–756 (Supp. V 1957) expressly provides for such situations in that the jurisdiction of the Municipal Court "shall extend to the amount claimed in such action, even though it exceed the sum of $3,000."

Appellant's counsel complains that defense counsel frequently argue in transferred cases that damages in excess of $3,000 should not be awarded and point to the District Court's order as indicating that such is the already established opinion of a District Judge. The order of transfer should be irrelevant in any situation where as to damages the plaintiff offers evidence which was not before the District Judge at the date of the order. We would suppose that upon request, the plaintiff should be entitled to receive an instruction that the jury should disregard any such argument and may award damages in such amount as it shall find the plaintiff is entitled to receive up to the amount claimed in the action. In the circumstances mentioned, what shall have appeared "to the satisfaction" of the District Judge should have no bearing upon the jury's consideration of the transferred case.

On the record before us we find no abuse of discretion. Barnard v. Schneider, 1957, 100 U.S.App.D.C. 152, 243 F. 2d 258.

Affirmed.