Archie Bradsher DAVIS, Appellant,

v.

PEERLESS INSURANCE CO. et al., Appellees.

No. 14167.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 23, 1958.

Decided March 21, 1958.

---

Mr. David I. Abse, Washington, D. C., with whom Mr. James I. Heinz, Washington, D. C., was on the brief, for appellant.

Mr. John A. Curtiss, Washington, D. C., with whom Mr. Alexander M. Heron, Washington, D. C., was on the brief, for appellee Peerless Ins. Co.

Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll and Nathan J. Paulson, Asst. U. S. Attys., were on the brief for appellee Carlton G. Beall.

Before WASHINGTON, DANAHER and BURGER, Circuit Judges.

DANAHER, Circuit Judge.

The District Judge, having concluded that a judgment in excess of $3,000 would not be justified, entered an order certifying to the Municipal Court for trial,[1] the appellant's action brought upon an attachment bond in the penal sum of $8,400.[2] Appellant argues here that

---

1. D.C.Code § 11–756 (Supp. V 1956) provides for such a transfer from the District Court when "it shall appear to the satisfaction of the court * * * that the action will not justify a judgment in excess of $3,000." After transfer, the jurisdiction of the Municipal Court extends "to the amount claimed in such action, even though it exceed the sum of $3,000." Ibid.

2. Appellant also included in his claim a demand for $6,000, the penal sum in a

the District Judge misapprehended the basis of his claim and applied an erroneous rule of law in deciding that appellant could not recover damages in excess of $3,000. We will set forth the facts in juxtaposition to the points under consideration.

▮ Appellee, of course, asks us to affirm the order of certification. Initially, it wants us to overrule Barnard v. Schneider [3] and to decide that the order of transfer is not subject to review as not a final order. This division of the court is not free to overrule so recent a decision as that in the Barnard case, for only by action of the entire court, sitting *en banc*, will such a step be taken. Appellee next claims that the record discloses a rational foundation for the conclusion of the trial judge, and accordingly, we must affirm his order as not arbitrary. To be sure, the exercise of the trial court's discretion normally will not be disturbed on appeal unless it is arbitrary, but it becomes arbitrary if that discretion has been exercised for an erroneous reason. [4] Accordingly we inquire into the basis for the order under attack.

One Stein had sued Davis, a non-resident of the District, who operated a sightseeing business. Stein caused the Clerk of the District Court to issue an attachment before judgment in accordance with D.C.Code § 16–301 (1951), [5] after filing an attachment bond for $8,400 conditioned that if Stein "and Peerless Insurance Company shall make good to the said [Davis] all costs and damages which he may sustain by reason of the wrongful suing out of said Attachment, then this obligation shall be void; otherwise the same shall be and remain in full force and virtue." After a trial, Stein's complaint was dismissed with prejudice, and a cross claim by Davis was dismissed "without prejudice to the defendant to bring suit on the bond." The attachment upon Davis' bus and car having thereafter been released, Davis filed with the Peerless Insurance Company a demand which was rejected, whereupon Davis commenced this suit. His motion for summary judgment was denied after the trial judge concluded, as his memorandum discloses, that there is no remedy by statute for wrongful attachment in the District and that Davis must be relegated to a common law action in which Stein's malice and want of probable cause must be shown. On his own motion, the trial judge ordered the case transferred to the Municipal Court, "it appearing to the court that the plaintiff's action will not justify a judgment in excess of $3,000 for

bond running to the marshal which the latter had demanded and received before attaching the property of the appellant. Peerless Insurance Company, appellee herein, had become surety on both bonds. Appellant's *ad damnum* was $15,000.

3. 1957, 100 U.S.App.D.C. 152, 243 F.2d 258; cf. Melton v. Capital Transit Co., 1958, 102 U.S.App.D.C. 306, 253 F.2d 42.

4. National Benefit Life Ins. Co. v. Shaw-Walker Co., 1940, 71 App.D.C. 276, 286, 111 F.2d 497, 507, certiorari denied 1940, 311 U.S. 673, 61 S.Ct. 35, 85 L.Ed. 432; cf. Barry v. Edmunds, 1886, 116 U.S. 550, 566, 6 S.Ct. 501, 29 L.Ed. 729.

5. This section making provision for attachment before judgment requires that an attaching plaintiff must "first file in the clerk's office a bond, executed by himself or his agent, with security to be approved by the clerk, in twice the amount of his claim, conditioned to make good to the defendant all costs and damages which he may sustain by reason of the wrongful suing out of the attachment." When this legislation was first before the Senate in 1866, the debates brought out that the rule prevailing then in New England permitted an action to lie for wrongful attachment if the attaching plaintiff's purpose had been to oppress the defendant "for injury and mischief, with malice." Senators were careful to insist that the security contemplated by the pending bill was to cover such damages as might be sustained by the defendant-in-attachment, quite apart from *mala fides* of the plaintiff-in-attachment. See The Congressional Globe, April 2, 1866, pp. 1709 et seq. Attachment bonds are not to be confused with those coming within D.C.Code § 28–2403 (1951). Tri-State Motor Corporation v. Standard Steel Car Co., 1921, 51 App.D.C. 109, 276 F. 631.

the reasons stated in the Court's memorandum opinion of March 28, 1957."[6]

Appellant Davis, alleging no special damage except that his sightseeing bus and Cadillac limousine had been stored carelessly, claimed only that the property could be refurbished for use in his business at a cost of $900. While the complaint added that an itemized list of the damages sustained by Davis had been furnished to the surety, neither party has brought any such memorandum to this court.[7] We cannot know what, if any, attention the judge paid to the items listed since he concluded that a possible recovery by Davis could be predicated only upon malice or want of probable cause in the procurement of the attachment.[8]

Appellant argues that he "is entitled to judgment in the full penal sum upon breach of condition of the bond, subject to execution in the amount of damages; it simply limits the surety's liability to the penal sum." He claims that, without more, he is entitled to recover $8,400 to the payment of which the surety was bound by the terms of the attachment bond. He relies upon United States v. New Amsterdam Casualty Co.[9] There, however, the bond had run to the Government to require the payment of estimated duties on a cargo, and the statute expressly required that upon suit by the Government, judgment in its favor was to be entered unless the defendant in open court made oath as to and demonstrated error in the liquidation of the

dutics demanded upon the bond. In view of the statute, the court distinguished an action upon such a bond, "from bonds given, with an arbitrary penal sum, to secure the performance of an undertaking, where the damages to the plaintiff may be, and generally are, much less than the penal sum of the bond." [10]

D.C.Code § 28–2401 (1951) reads:

"A bond, when required or referred to, in the provisions of this code, shall be understood to signify an obligation in a certain sum or penalty, *subject to a condition,* on breach of which it is to become absolute and *to be enforceable by action.*" (Emphasis added.)

This action properly rests upon that section. The condition here was that the surety "shall make good to the said defendant all costs and damages which he may sustain by reason of the wrongful suing out of said attachment."

That Stein's failure of success resulted in a "wrongful suing out of the attachment," as the term is used in our Code is not to be doubted. This result is not only recognized in practice over the years in the District of Columbia,[11] but Stein's case was fully tried on the merits with judgment adverse to the claims of the plaintiff-in-attachment. The court concluded that the contract and note in suit were illegal and contrary to public policy. That judgment established the wrongfulness of Stein's deprivation

---

6. We highly approve the filing of such a memorandum especially where a motion for summary judgment is disposed of upon a law ground. In such situations, we often are left unaided as to the reason for the ruling.

7. A defendant-in-attachment may obtain release of his property from the custody of the marshal upon compliance with D.C. Code § 16–311 (1951). Why that step was not here taken does not appear from our record, but we have hitherto recognized a duty thus to mitigate damages. See W. B. Moses & Sons v. Lockwood, 1924, 54 App.D.C. 115, 295 F. 936, 33 A.L.R. 1467. No doubt considerations such as the owner's financial ability to provide an appropriate undertaking may

be involved, an element to be explored in the event the appellant claims loss during the period his vehicles were detained.

8. Such an action is substantially one for malicious prosecution. Cf. Perez v. Fernandez, 1906, 202 U.S. 80, 96, 26 S.Ct. 561, 50 L.Ed. 942.

9. 1 Cir., 1930, 41 F.2d 917.

10. Id. 41 F.2d at page 919.

11. United States Fidelity & Guaranty Co. v. Wrenn, 1937, 67 App.D.C. 94, 89 F.2d 838; W. B. Moses & Sons v. Lockwood, supra note 7; cf. National Surety Co. v. Jean, 6 Cir., 1929, 36 F.2d 468, 68 A.L.R. 1326.

to Davis of the full use and enjoyment of his property under the attachment,[12] and even expressly reserved to Davis the right to pursue his remedy on the attachment bond.

 While Davis may sue on the bond, he is quite in error in supposing he may automatically recover the full penal sum therein named.[13] He is limited to, and the surety is bound only to pay, such costs and damages as Davis can show were sustained because of the dentention of his property. Perhaps his itemized list of damages exhibited to the appellee already includes loss of business use of the vehicles, loss of profits, depreciation, and the like.[14] Perhaps he has shown a basis for a claim for attorney fees for procuring the return of the vehicles or of personal expenses attributable to the attachment.[15] The District Judge correctly observed that there had been set up no basis for punitive damages,[16] but he erred in concluding that appellant had no statutory right of action, and hence was limited to such relief as might have been sought at common law for *mala fides*.

Under the circumstances we will remand this case. We expect appellant will be permitted to amend his complaint to permit his going forward upon a basis consistent with this opinion. His complaint, so amended, may then be reconsidered by the District Judge who thus will have the opportunity to determine whether or not the damages claimed meet the jurisdictional requirement. If not, it may follow that certification to the Municipal Court is in order.[17]

Remanded.

---

12. Cf. American Surety Co. v. Florida Nat. Bank & Trust Co., 5 Cir., 1938, 94 F.2d 126, where the defendant-in-attachment failed to overcome the burden of proving the attachment to be unlawful.

13. Even where a penal sum has been denominated "liquidated damages," the courts will construe the obligation as one merely to secure payment of such damages as the obligee may suffer from a breach of the bond. Bignall v. Gould, 1886, 119 U.S. 495, 498, 7 S.Ct. 294, 30 L.Ed. 491. The law simply applies the principle of just compensation for loss and injury actually sustained. Chicago House-Wrecking Co. v. United States, 7 Cir., 1901, 106 F. 385, 53 L.R.A. 122.

14. Fidelity & Deposit Co. v. L. Bucki & Son Lumber Co., 1903, 189 U.S. 135, 23 S.Ct. 582, 47 L.Ed. 744.

15. W. B. Moses & Sons v. Lockwood, supra note 7; compare L. Bucki & Son Lumber Co. v. Fidelity & Deposit Co., 5 Cir., 1901, 109 F. 393, 397, affirmed supra note 14, and D.C.Code § 28–2404 (1951). Of course, attorney fees for the defense of the principal suit are not recoverable in an action on the bond. Java Cocoanut Oil Co. v. Fidelity & Deposit Co., 9 Cir., 1924, 300 F. 302, 39 A.L.R. 523.

16. In the absence of fraud, malice and oppression, under the general rule damages are to be measured by the actual injuries suffered. Cf. Palmer v. United States, Use of Lane, 1914, 41 App.D.C. 341, 349.

17. D.C.Code § 11–756 (Supp. V 1956).