**Ruth H. GRAY and Chester H. Gray, Appellants,**

v.

**EVENING STAR NEWSPAPER COMPANY et al., Appellees.**

**No. 15424.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 2, 1960.

Decided April 7, 1960.

Petition for Rehearing Denied May 18, 1960.

Mr. David G. Bress, Washington, D. C., with whom Lucien Hilmer, Washington, D. C., was on the brief, for appellants.

Mr. Jeremiah C. Collins, Washington, D. C., with whom Messrs. Frank F. Roberson and David N. Webster, Washington, D. C., were on the brief, for appellees.

Before PRETTYMAN, Chief Judge, and BAZELON and BURGER, Circuit Judges.

BURGER, Circuit Judge.

■ Actions to recover $50,000 for personal injuries to appellant Ruth Gray and $20,000 for loss of her services were brought in the District Court and certified by that court to the Municipal Court under Title 11 D.C.Code § 756 (Supp. VII, 1959). Under this section the District Court may transfer an action to the Municipal Court if satisfied that "the action will not justify a judgment in excess of $3,000." By the very nature of the object to be accomplished as well as by the langauge of the statute, broad discretion is vested in the District Court. Barnard v. Schneider, 1957, 100 U.S.App. D.C. 152, 243 F.2d 258; Melton v. Capital Transit Co., 1958, 102 U.S.App.D.C. 306, 253 F.2d 42; Davis v. Peerless Ins. Co., 1958, 103 U.S.App.D.C. 125, 255 F.2d 534. Moreover, the Municipal Court jury is explicitly empowered to award whatever verdict the evidence warrants, even though in excess of $3,000.

The District Court had before it the pleadings, a deposition of Mrs. Gray describing her injuries and their treatment, a report of her physician and a report from a physician who had examined her on behalf of the appellees. Medical expenses of $1,000 were alleged and no challenge to this appears. On the basis of this information the District Court transferred the cause. Appellants moved for reconsideration, quoting pertinent parts of Mrs. Gray's deposition and sup-

plementing the record with more detailed reports by her physicians, and emphasizing the special damages. The motion was denied and this appeal followed.

From the admitted fact that the District Judge examined reports of medical examinations made on behalf of all parties, appellants infer that the District Court weighed the report of appellees' doctor against those of appellants' physicians and discounted appellants' medical reports. This, it is argued, is error requiring reversal of the order certifying the case to the Municipal Court.

■ On this record we have no way of knowing whether, as appellants infer, the District Judge did in fact undertake to weigh the reports of appellees' medical examiner against those of the appellants in a comparative sense or discount the extent of the claimed injuries by reason of what the appellees' medical examiner reported. Such a course would be plainly an erroneous application of Section 756 for that is not the time or place for comparative evaluations of evidence. No comparative appraisal could be made adequately at that stage; it would involve, among other things, the comparative credibility of witnesses. In deciding whether to retain or certify a case to the Municipal Court, the District Court should act on the basis of the data presented under the Rules by the parties prior to trial, including the pre-trial hearing. But a comparative evaluation of conflicting evidence is not part of the function of the court at that stage of the litigation. True comparative consideration of conflicting evidence is reserved for the trial when witnesses can be examined and cross-examined fully.

■ The data before the District Court indicated medical expenses of the plaintiffs in excess of $1,000. Such a figure might conceivably forecast a verdict for total damages in excess of $3,-000, and the District Court might properly keep such a case on its own calendar; but discretion is an area not a line or a point, and our scope of review of this kind of order is necessarily very limited. The issue for us is not whether the Dis-

trict Court *wisely* exercised its discretion but whether in certifying the case to the Municipal Court it acted arbitrarily and thus abused its discretion.

We are unable to conclude that the action was arbitrary or that there was an abuse of discretion.

Affirmed.