Vivien RANEY and Benjamin F. Raney,
Appellants,

v.

D. C. TRANSIT SYSTEM, INC., Appellee.

No. 2643.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 24, 1960.

Decided Dec. 14, 1960.

Rehearing Denied Jan. 6, 1961.

**262**

Louis Ginberg, Washington, D. C., for appellants.

Anthony E. Grimaldi, Washington, D. C., for appellee.

Before ROVER, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

In this action against the transit company, plaintiff claimed damages of $3000, the jurisdictional limitation of the Municipal Court. Some months later and after pre-trial she moved for voluntary dismissal without prejudice in order to file an action in the United States District Court for a greater amount of damages. The motion recited that though at the time the action was filed her physician reported that her injury was not of a permanent nature, he had more recently examined her and found the injuries were more serious and extensive than originally considered; that she had been treated by other physicians and continues to suffer; and that she had also been examined by a neurologist who reported that her suffering was continued and that it would be difficult to state how long her back symptoms would continue to trouble her.' The motion was supported by plaintiff's affidavit and by the medical reports. The court denied the motion on the ground that "plaintiff's injuries did not warrant a dismissal without prejudice for filing in the District Court for a larger amount." Plaintiff appeals.

■ Appellee says the order is not appealable. Admittedly the order is not dispositive of the whole case so as to leave nothing to be done except to execute on the judgment or decision. But that test relates to orders based upon the merits. Orders based upon procedural steps which have a final and irreparable effect upon the rights of the parties are none the less appealable though they do not finally terminate the action. An order is appealable if it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it.[1] If appellant were forced to proceed in the Municipal Court and recovered a judgment in any amount up to the jurisdictional limitation of that court, it is evident that an appeal at that later time would be of dubious value. We hold that she had the right to bring the case here at this stage and that the order is appealable.

■■ The motion for voluntary dismissal was made pursuant to Rule 41(a) (2) of the Municipal Court. The authorities are agreed that a motion made under this rule is addressed to the sound discretion of the trial court not only as to the terms and conditions imposable upon the grant of the motion, but also upon the question whether the dismissal shall be permitted. A voluntary dismissal is no longer a matter of right.[2] This restriction on the traditional right of nonsuit was aimed at preventing the unfair burden frequently cast on defendants when plaintiffs were allowed to dismiss at any time before judgment.

■ Consequently, in the exercise of the court's discretion it has been the practice to consider the position in which defendant

**1.** Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; cf. Barnard v. Schneider, 100 U.S.App.D.C. 152, 243 F.2d 258.

**2.** Piedmont Interstate Fair Ass'n v. Bean, 4 Cir., 209 F.2d 942; Grivas v. Parme-lee Transp. Co., 7 Cir., 207 F.2d 334, certiorari denied 347 U.S. 913, 74 S.Ct. 477, 98 L.Ed. 1069; Ockert v. Union Barge Line Corp., 3 Cir., 190 F.2d 303; Mercer v. Equitable Life Assur. Soc. of United States, D.C.Mun.App., 65 A.2d 207; 5 Moore, Federal Practice, § 41.05.

will be placed if the motion is granted. "The essential question is whether the dismissal of the action will be unduly prejudicial to the defendants; if so, plaintiffs' motion should be denied. If not, it should be granted upon such terms and conditions as are fair and just."[3]

In situations like this the court should first satisfy itself that plaintiff's reasons for requesting the dismissal are not frivolous or solely for purposes of delay, and if defendant's position will not be legally prejudiced it would be impractical and unsatisfactory to speculate on the chances of success in another forum or the sufficiency of the evidence to sustain a larger claim.

■ Appellee would not have suffered any serious injustice had this motion been granted. The incidental annoyance or inconvenience of another suit on the same cause is not legal prejudice. Nor does the prospect of defending the suit for a greater amount of damages constitute legal prejudice any more than would amending the *ad damnum* clause of the complaint upwards if such were possible in the Municipal Court.

■ Appellant's motion clearly was not frivolous. Two physicians reported that her injuries continue to incapacitate her to some degree. Whether these lingering effects will prove serious enough to warrant a recovery greater than originally claimed cannot satisfactorily be answered except by evidence at a trial. Appellant should have the opportunity to present such evidence. It appears that appellant and the streetcar motorman will be the only witnesses to the accident when this cause comes on for trial and it was estimated the trial would take only one day. Delay now will be little more serious than a continuance, of which there have been several thus far by both parties.

We conclude that the court erred in denying appellant's motion for voluntary dismissal without prejudice.

Reversed.

ROVER, Chief Judge, sat during the argument of this case but died before it was decided.

---

3. Harvey Aluminum, Inc. v. American Cyanamid Co., D.C.S.D.N.Y., 15 F.R.D. 14, 18. See also Home Owners' Loan Corp. v. Huffman, 8 Cir., 134 F.2d 314;

United States v. E. I. du Pont de Nemours & Co., D.C.N.D.Ill., 13 F.R.D. 490.