**Langston HUGHES et al., Appellants,**

v.

**PENNSYLVANIA RAILROAD COMPANY, Appellee.**

**No. 21934.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 20, 1968.

Decided Feb. 18, 1969.

---

Mr. Seymour Friedman, Washington, D. C., with whom Mr. Irving L. Chasen, Washington, D. C., was on the brief, for appellants.

Mr. James Hamilton, Washington, D. C., with whom Mr. Paul F. McArdle, Washington, D. C., was on the brief, for appellee.

Before BURGER, WRIGHT and ROBINSON, Circuit Judges.

BURGER, Circuit Judge:

■ This appeal follows a District Court certification of Appellants' personal injury and damage actions to the District of Columbia Court of General Sessions for trial on a finding that "it appears[s] to the satisfaction of the court that this action will not justify a judgment in excess of $10,000." Having made this determination, the District Court had the authority to certify the case to General Sessions pursuant to 11 D.C.Code § 962. The District Court Order of Certification set forth no reasons for the certification, and whatever pre-trial discussion took place between the trial judge and counsel concerning the question of certification is not in the record.

Appellants sought $101,500.00 compensatory damages and $1,050,000.00 in punitive damages alleging "unwarranted and unjustified assault and battery, false arrest, and false detention and imprisonment, committed on the person of a 14-year-old boy by employees of appellee-railroad." The Railroad asserted that the minor plaintiff was a trespasser and that he had provoked the reasonable action of the employees by throwing stones at the train in which they were riding. Appellee also denied any authorization or ratification of alleged acts of its employees.

■ The standard for certification under Section 962 contemplates that broad discretion be vested in the District Court. Gray v. Evening Star Newspaper Co., 107 U.S.App.D.C. 292, 293, 277 F.2d 91, 92 (1960). Therefore, "the exercise

of the trial court's discretion normally will not be disturbed on appeal unless it is arbitrary * * *." Davis v. Peerless Ins. Co., 103 U.S.App.D.C. 125, 127, 255 F.2d 534, 536 (1958). As with any broad grant of discretion, however, it is limited by the safeguard of reviewability for abuse.

■■ Our review of a decision to certify a case is not influenced by the claimant's generous estimate of damages in the complaint, and a certification might well be proper on this record; however, we are troubled by the District Court's action in ordering the certification on the very day set for commencement of trial in the District Court. The alleged injuries here took place on September 21, 1964, and trial was finally designated to begin on April 3, 1968, nearly three-and-one-half years later. It was on the morning of April 3 that the District Court announced its intention to certify the case. We are not unmindful of the statutory language permitting certification "at or subsequent to any pretrial hearing but prior to trial"; nevertheless, it seems questionable to wait until the "eleventh hour" to decide that litigants already-prepared must carry on their litigation in a new forum, and then to do so without any articulated reasons to explain the exercise of discretion.[1]

■ We also note Appellants' claim that the District Court improperly embarked upon an evaluation of the evidence concerning authority and ratification in arriving at its decision to certify. It is impossible to test this allegation, for there is no record of the discussions and deliberations which appear to have, at least in part, formed the basis of the determination. Nevertheless, any question concerning the propriety of such an evidentiary evaluation at this stage of

the proceedings was answered in *Gray* where we explained that:

> Such a course would be plainly an erroneous application * * * [of the statute] * * * for that is not the time or place for comparative evaluations of evidence. * * * True comparative consideration of conflicting evidence is reserved for the trial when witnesses can be examined and cross-examined fully.

*Gray, supra,* 107 U.S.App.D.C. at 293, 277 F.2d at 92.

The case is remanded to the District Court with directions to proceed with trial forthwith.[2]

So ordered.

1. In *Davis,* we specifically noted with approval the District Court's action in explaining its decision to certify "for the reasons stated in the Court's memorandum opinion * * *." *Davis, supra,* 103 U.S.App.D.C. at 127–128, 255 F.2d at 536–537. We again emphasize the de-

sirability of this practice as an aid to this court in its review of such rulings.

2. Although the rule places no time limits on a certification, the District Court should look with skepticism on motions to certify under Section 962 when made at or near the assigned trial date.