### Ellis P. BLOCK et al., Appellants,

#### v.

### DISTRICT OF COLUMBIA.

#### No. 72-1909.

United States Court of Appeals, District of Columbia Circuit.

Jan. 31, 1974.

Werner Strupp, Washington, D. C., was on the brief for appellants.

C. Francis Murphy, Corp. Counsel, Henry E. Wixon and Richard L. Aguglia, Asst. Corp. Counsels, Washington, D. C., were on the brief for appellee. Richard G. Amato, Washington, D. C., entered an appearance for appellee.

Before BAZELON, Chief Judge, and WRIGHT and TAMM, Circuit Judges.

PER CURIAM:

This case arises from a claim of excess assessment and for money had and received by the District of Columbia in the amount of $50,732.80 plus statutory interest. It presents a novel context in which to consider the scope of the authority to certify cases to the Superior Court under the District of Columbia Court Reorganization Act of 1970.[1] Accordingly, we will set out the facts of this case at some length.

On or about April 1, 1969, appellants, joint venturers and owners of an apartment building in the District of Colum- bia, received a notice of final determination of deficiencies in payment of unincorporated franchise taxes for the years 1961 to 1967. On May 14, 1969, appellants paid the total amount assessed at that time—$56,328.91—under protest. The taxpayers alleged that the asserted deficiencies resulted from an erroneous computation of depreciation deductions on their real property and from a disallowance of deductions claimed as compensation by members of the joint venture. The complaint was filed in District Court on May 10, 1972, seeking recovery of the payment.

Appellee District of Columbia moved the court to dismiss the action on the ground of lack of subject matter jurisdiction. This motion was denied on July 7, 1972. On July 10, the District Court, *sua sponte,* entered an order certifying the case to the Superior Court on the ground that it appeared to the satisfaction of the court "that this action will not justify a judgment in excess of Fifty Thousand Dollars, exclusive of interest and costs." A motion for reconsid-- eration of the order was denied on July 27, and this appeal followed.

Under the District of Columbia Court Reorganization Act of 1970, the Superior Court of the District of Columbia has "jurisdiction (regardless of the amount in controversy) of any civil action or other matter, at law or in equity, which— . . . . involves an appeal from or petition for review of any assessment of tax (or civil penalty thereon) made by the District of Columbia."[2] Two other statutes are also directly applicable. The first is 47 D.C.Code § 1593 (1973), which provides a six-month period within which a suit for a tax refund must be brought.[3] The second is a separate provision of the Court Reorganization Act

---

1. 11 D.C.Code § 101 et seq. (1973).

2. 11 D.C.Code § 921 (a) (3) (B) (1973).

3. 47 D.C.Code § 1593 provides:
   Any person aggrieved by any assessment of a deficiency in tax determined and assessed by the Assessor under the provisions of section 47–1586d and any person aggrieved by the denial of any claim for refund made under the provisions of section 47–1586j, may, within six months from the date of the assessment of the deficiency or from the date of the denial of a claim for refund, as the case may be, appeal to the Superior Court of the District of Columbia, in the same manner and to the same extent as set forth in sections 47–2403, 47–2404, 47–2407 to 47–2411.

governing the jurisdiction of the District Court during the interim period until full reorganization was accomplished:

In addition to its jurisdiction as a United States District Court and any other jurisdiction conferred on it by law, the United States District Court for the District of Columbia has jurisdiction of the following:

. . . . . .

(4) Any civil action (other than a matter over which the Superior Court of the District of Columbia has jurisdiction under paragraph (3) or (4) of section 11–921(a)) begun in the court during the thirty-month period beginning on such effective date wherein the amount in controversy exceeds $50,000.[4]

▮ On February 1, 1971, the Court Reorganization Act became effective; by that date, the six-month period for filing an appeal pursuant to § 1593 had passed. Moreover, on the same date two other provisions of the Act established exclusive jurisdiction over challenges to District of Columbia tax assessments in the Superior Court[5] and abolished all common law remedies for taxpayers.[6] Prior to this time, it had been clearly established that a taxpayer who elected not to proceed under § 1593 could institute a suit at common law within three years from the date of assessment.[7] However, as both parties concede, it could not have been the intent of Congress to deprive taxpayers such as appellants of their previously-ac-

quired right to judicial redress. Forbes Pioneer Boat Line v. Everglades Drainage District, 258 U.S. 338, 42 S.Ct. 325, 66 L.Ed. 647 (1922). In this case, where the statutory period for challenging excessive tax payment had expired before the Act putatively eliminating common law remedies became effective, the statutes may not be construed to curtail or destroy the pre-existing common law rights of appellants. Therefore, appellants' right to maintain an action at common law for recovery from the District of Columbia must survive the reforms which became effective February 1, 1972. Assuming arguendo that appellants' action may justify a judgment in excess of $50,000, we find that the action was filed within the transitional period established by 11 D.C.Code § 501(4) and thus may be maintained in the District Court. In the briefs filed in this Court both parties have conceded this point.

The further question remains: did the District Court err in certifying the case to the Superior Court on the ground that it would not justify a judgment in excess of $50,000? The provision of the Court Reorganization Act which governs the certification of cases to the Superior Court during the thirty-month transition period established by the Act is 11 D.C.Code § 922(b) (1973):

In a civil action begun in the United States District Court for the District of Columbia during the thirty-month period beginning on the effective date of the District of Columbia

---

4. 11 D.C.Code § 501 (1973).

5. 11 D.C.Code § 1201(1) (1973) provides:
   The Tax Division of the Superior Court shall be assigned exclusive jurisdiction of —(1) all appeals from and petitions for review of assessments of tax (and civil penalties thereon) made by the District of Columbia;

6. 11 D.C.Code § 1202 (1973) provides:
   Notwithstanding any other provision of law, the jurisdiction of the Tax Division of the Superior Court to review the validity and amount of all assessments of tax made by the District of Columbia is exclu-

sive. Effective on and after the effective date of the District of Columbia Court Reorganization Act of 1970, any common-law remedy with respect to assessments of tax in the District of Columbia and any equitable action to enjoin such assessments available in a court other than the former District of Columbia Tax Court is abolished. Actions properly filed before the effective date of that Act are not affected by this section and the court in which any such action has been filed may retain jurisdiction until its disposition.

7. *See, e. g.,* District of Columbia v. Brady, 109 U.S.App.D.C. 324, 288 F.2d 108 (1960).

Court Reorganization Act of 1970, the court may certify the action to the Superior Court if it appears to the satisfaction of the United States District Court at or subsequent to any pretrial hearing, but before the trial thereof, that—

(1) the action will not justify a judgment in excess of $50,000; and

(2) the action does not otherwise invoke the jurisdiction of the court.

Appellants premise their argument on the fact that no pretrial hearing of any kind was held and that the phrase "at or subsequent to any pretrial hearing" must be read literally to bar certification without a hearing.

██ We have previously held that the exercise of the general authority to certify cases to courts of local jurisdiction is within the sound discretion of the District Court.[8] Thus, the standard for review of an order of certification is whether or not the trial court abused its discretion. Although the language "at or subsequent to any pretrial hearing" appears in predecessor statutes,[9] as well as the instant provision of the Court Reorganization Act, there are no direct precedents on the scope of the phrase in this Circuit.

Appellants have cited virtually every case arguably relevant to this question in support of a mandatory construction of the language. In Gray v. Evening Star Newspaper Co., 107 U.S.App.D.C. 292, 277 F.2d 91 (1960), this Court declined to find abuse of discretion in a certification to the local court on an allegation that the trial judge improperly considered medical evidence in determining the amount in controversy in a personal injury action. In that case the Court per Burger, Circuit Judge, stated:

In deciding whether to retain or certify a case to the Municipal Court, the District Court should act on the basis of, the data presented under the Rules by the parties prior to trial, including the pre-trial hearing.[10]

However, the opinion itself does not specifically hold that such a hearing is necessary, nor does it even discuss whether in fact such a hearing had been held in the case. Appellant also cites Hughes v. Pennsylvania Railroad Company, 133 U. S.App.D.C. 174, 409 F.2d 460 (1969), for reference to the troubling phrase concerning pretrial hearings. However, quotation in full discloses that the phrase was not essential to the reasoning of the Court in overturning a certification made on the day set for trial in the District Court:

We are not unmindful of the statutory language permitting certification "at or subsequent to any pretrial hearing but prior to trial"; nevertheless, it seems questionable to wait until the "eleventh hour" to decide that litigants already-prepared must carry on their litigation in a new forum, and then to do so without any articulated reasons to explain the exercise of discretion.[11]

Neither of the other cases cited by appellants is particularly helpful in the instant case. Melton v. Capital Transit Company, 102 U.S.App.D.C. 306, 253 F. 2d 42 (1958), held that the trial court had not abused its discretion in certifying a personal injury case, and that plaintiff might be entitled to a jury instruction to disregard any argument that such certification indicated that the District Court had established an opinion that the verdict should not exceed the jurisdictional amount. Davis v. Peerless Insurance Co., 103 U.S.App.D. C. 125, 255 F.2d 534 (1958), held that certification, while within the broad discretion of the trial court, could not be based on an erroneous reading of the law which led the court to conclude that

8. Gray v. Evening Star Newspaper Co., 107 U.S.App.D.C. 292, 277 F.2d 91 (1960); Davis v. Peerless Insurance Co., 103 U.S. App.D.C. 125, 255 F.2d 534 (1958); Melton v. Capital Transit Co., 102 U.S.App.D.C. 306, 253 F.2d 42 (1958).

9. See, e. g., 11 D.C.Code § 962 (1969) discussed in Hughes v. Pennsylvania Railroad Co., 133 U.S.App.D.C. 174, 409 F.2d 460 (1969).

10. 107 U.S.App.D.C. at 293, 277 F.2d at 92.

11. 133 U.S.App.D.C. at 176, 409 F.2d at 462.

plaintiff could not recover the amount stated in his complaint, and therefore could not justify a judgment which would satisfy the jurisdictional requirements of the District Court.

The order of the District Court does not disclose any reasons for the certification other than the conclusion that the action would not justify a judgment in excess of $50,000 exclusive of interest and costs. The complaint itself itemizes the deficiencies assessed against appellants on a yearly basis, and avers that they were erroneous both because: 1) they failed to allow a reasonable depreciation for the property as required by 47 D.C.Code § 1557b(a)(7) as interpreted by this Court in Lenkin v. District of Columbia, 149 U.S.App.D.C. 129, 461 F.2d 1215 (1972); and 2) the assessment failed to allow a deduction for services rendered by members of the joint venture as required by 47 D.C.Code § 1557b(a)(15). Nothing in the record before the trial court tended to disprove that the deficiency assessed, or the amount actually paid by appellants in satisfaction thereof, was less than $50,000. Indeed, the contrary appears. Nor does appellee maintain that the amount in controversy is less than $50,000.

■ In the absence of any statement of reasons for the certification by the District Court and on the record before us, we hold that it was an abuse of discretion to certify the case to Superior Court. We do not reach the issue of whether or not a pretrial hearing of some sort is required by 11 D.C.Code § 922. However, we do emphasize the considerations tending to favor the holding of such hearing, since they would tend to provide an opportunity for both parties to develop a record on which sound appellate review could proceed, and could also provide an opportunity for the trial court to amplify its reasoning on the question. We take this opportunity to reiterate our suggestion in *Davis, supra,* that memoranda be filed by the trial court to aid this Court in review of such rulings.

Reversed and remanded.