**14**

Clara MORRIS, Plaintiff,

v.

The STUYVESANT INSURANCE CO., Edward A. Pichler, Sheriff of the City of New York, and Matthew A. Parrillo, Deputy Sheriff of the City of New York, Defendants.

No. 77 Civ. 4724 (CHT).

United States District Court,
S. D. New York.

March 27, 1978.

Thomas Hoffman, New York City, for plaintiff.

M. Arthur Hammer, New York City, for defendant Stuyvesant Ins. Co.

TENNEY, District Judge.

Plaintiff Clara Morris has brought an action in this Court pursuant to 42 U.S.C. § 1983 charging that N.Y.C.P.L.R. § 3218, New York's confession of judgment statute, is unconstitutional on its face and as it was applied to her. Plaintiff is currently seeking a preliminary injunction to prevent the sale of her home in execution of the lien obtained by the defendant insurance company upon a judgment entered in accordance with a cognovit note previously executed by the plaintiff. The defendant insurer has cross-moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. (The other defendants have not appeared and seem to have been named purely in their ministerial roles as officials charged with execution of the lien. Consequently future reference to "the defendant" will pertain only to The Stuyvesant Insurance Company.) For the reasons set forth, plaintiff's request for injunctive relief is denied and summary judgment is awarded to defendant dismissing the complaint.

According to the statement of facts contained in the complaint, plaintiff's husband, Robert Riddick, was accused by the defendant of misappropriating collateral he collected while serving as a bail bondsman agent of defendant. On February 23, 1976, the plaintiff executed a sworn instrument labelled, in the upper right hand corner and in rather large type, "Statement and Confession of Judgment." She there confessed judgment in favor of the defendant in the amount of $35,000

> for a debt justly due the plaintiff arising from the following facts: Collateral received by Robert Riddick on behalf of the Stuyvesant Insurance Company and not paid to The Stuyvesant Insurance Company, and for which Clara Morris is indemnifying The Stuyvesant Insurance Company.

Defendant's Notice of Motion, Exhibit A.[1]

The confessed judgment was entered pursuant to N.Y.C.P.L.R. § 3218 on February 26, 1976, by the County Clerk of Bronx County, wherein the plaintiff resides. It does not appear that the defendant took any immediate action to execute the lien arising from the entry of the judgment. According to the next document before this Court, plaintiff moved, on August 10, 1976, the New York State Supreme Court, Bronx County, to vacate the entered judgment. In support of that motion Clara Morris swore that she had no notice of the pending execution of the lien until August 4, 1976; it would seem, therefore, that some five months passed before defendant began proceedings to enforce the lien.

Plaintiff thereafter had several "days" in state court. Including the motion referred to above, she filed three different motions to vacate; all were denied. The full text of each denial is set out in the margin.[2] (She also filed an appeal to the denial of one of them but defaulted in its prosecution.) Each of the motions filed was accompanied

---

1. A second document entitled "Agent's Contract," purportedly between Clara Morris as "Agent's Indemnitor" and The Stuyvesant Insurance Company as surety, also appears to have been signed and sworn to by Clara Morris on the same day. Complaint, Exhibit A. However, Clara Morris denies having signed this contract and charges that her signature was a forgery. She also points out that the "Agent" whom she was purportedly indemnifying was nowhere identified in the agreement.

2. (i) "Motion for an order vacating judgment is denied, no sufficiently persuasive ground in support of the relief sought having been demonstrated. In addition, the movant's contentions are completely belied by the documentary proof submitted in opposition herein." *Stuyvesant Ins. Co. v. Clara (Morris) Reddick,* [sic] Index No. 6726/76 (Sup.Ct.Bx.Co. Sept. 1, 1976) (Leonforte, J.).
(ii) "The within motion is disposed of in accordance with memorandum decision annex [sic] hereto." *Stuyvesant Ins. Co. v. Clara Morris,* Index No. 6726/76 (Sup.Ct.Bx.Co. Oct. 14, 1976) (Leonforte, J.). The text of Justice Leonforte's memorandum decision is as follows:
> Motion for an order vacating judgment is denied. Heretofore by motion returnable August 19, 1976 (decided September 1, 1976) defendant moved for the identical relief she now seeks. The instant application does not contend that the Court in arriving at its decision overlooked any substantial fact or controlling principle of law; nor does it purport

to contain any newly discovered evidence not heretofore available. In short the motion is neither a proper one for reargument nor for renewal and, is therefore, completely unauthorized. In denying the original motion the Court had occasion to state that the movant's contentions are completely belied by the documentary proof submitted in opposition herein. The present motion similarly contains glaring inconsistencies with statements heretofore made. Defendant now urges that the subject confession of judgment was signed by an impersonator and that it does not contain her signature. Yet in her reply affidavit to the original motion executed only a few weeks ago she readily admitted that she had signed the confession of judgment (Enumerated papers # 12, 13, affidavit of August 25, 1976, motion # 35, August 19, 1976).
> In the complete absence of any valid ground to warrant the relief sought, the motion is denied and the interim stay contained in the Order to Show Cause is vacated.
(iii) The third decision reads as follows:
> Motion for an order vacating and setting aside a judgment entered herein in favor of plaintiff on 2/25/76 is denied in its entirety with $50.00 costs to the plaintiff, and any stays granted in connection with this Order to Show Cause are vacated. This is the third motion made by defendant for the identical relief. By decisions dated 9/1/76 and 10/14/76, respectively, this Court has denied her previous motions. Neither the instant application, nor the one which was denied on

by supporting affidavits made by Clara Morris which alleged, *inter alia,* lack of consideration for the cognovit, invalidity of the underlying debt, duress based on defendant's "threats" to report Mr. Riddick's alleged defalcations, forgery of her signature, purported omission on the signed paper of the sum being confessed, and noncomprehension of the meaning and significance of what she signed. Plaintiff's argument to the state court on the last contention is of critical significance in the case brought here. The only theory upon which her claim can be heard in this Court rests on a two-pronged condition precedent: that section 3218 was applied to her in derogation of due process *and* that collateral estoppel principles do not preclude assertion of that claim in this forum.

In the companion cases of *D. H. Overmyer Co. v. Frick Co.,* 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972), and *Swarb v. Lennox,* 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972), the Supreme Court addressed due process challenges to cognovit procedures which lacked notice and hearing components. In *Overmyer,* upon which plaintiff heavily relies, the Court enunciated the principle that a "voluntary, knowing and intelligently made" waiver of notice and hearing renders compatible with due process a confession of judgment statute lacking those safeguards. *Overmyer, supra,* 405 U.S. at 185, 92 S.Ct. 775. *Swarb* is even more apposite to the instant facts: that case involves *consumer* consent to cognovit provisions, a situation similar to the instant case in that the signer presumably possesses the same lack of sophistication which plaintiff claims here. *Swarb* reiterates the *Overmyer* holding in much the same language: confessed judgment without notice and hearing complies with due process only if " 'there has been an understanding and voluntary consent' " to the waiver. *Swarb, supra,* 405 U.S. at 198, 92 S.Ct. at 771 (citation omitted).

10/14/76, qualifies as a motion for reargument or renewal. Defendant's failure to properly perfect an appeal of any orders entered in this matter on previous occasions does not give her the alternative of repeated reinstitutions of the same motion, with consequent expenditures of time and effort on

Therefore, the sole question before this Court is whether plaintiff litigated the issue of voluntary and consensual waiver in the proceedings before the state, and whether that issue was necessary to the decisions reached there. The Court concludes that both questions must be answered affirmatively; therefore, plaintiff is barred from relitigating the issue in this forum. *Turco v. Monroe County Bar Ass'n,* 554 F.2d 515 (2d Cir. 1977); *Lombard v. Board of Education,* 502 F.2d 631 (2d Cir. 1974).

■ The Court finds devoid of merit plaintiff's contention that she did not have a "hearing" on any of the motions submitted or the questions raised in state court. Memorandum in Opposition to Summary Judgment 2. By this assertion the Court understands that plaintiff comprehends "hearing" to mean only a formal proceeding held in a courtroom with full panoply of witnesses, examination and adversarial argument. No such type of "hearing" is required to give that finality on the merits to raise issues of res judicata and collateral estoppel. *Mitchell v. National Broadcasting Co.,* 553 F.2d 265, 271 (2d Cir. 1977). In *Olsen v. Muskegon Piston Ring Co.,* 117 F.2d 163 (6th Cir. 1941), cited with approval in *Mitchell, supra,* the court stated:

A judgment on the merits does not require a determination of the controversy after a trial or hearing on controverted facts. It is sufficient if the record shows that the parties might have had their controversies determined according to their respective rights if they had presented all their evidence and the court had applied the law.

*Id.* at 165. Ms. Morris *did* present all her evidence and was "heard" in state court not

the part of her adversary herein and the Court. Accordingly, costs are taxed on this application.
*Stuyvesant Ins. Co. v. Clara Morris,* Index No. 6726/76 (Sup.Ct.Bx.Co. July 28, 1977) (Leonforte, J.).

once but three times. Moreover, examination of what was presented to the state court reveals that the underlying fact issue upon which her challenge to the constitutional validity of section 3218 rests—whether her waiver of notice and hearing was knowing and voluntary—was argued to, and necessarily considered by, the state court in the three denials of relief. *See Winters v. Lavine,* 574 F.2d 46 (2d Cir. 1978).

In support of the instant motion plaintiff has submitted an "appendix of the State proceedings in chronological order . . . wherein plaintiff attempted to set aside the judgment" ("Plaintiff's Appendix"). Plaintiff's Memorandum in Opposition 3, n. 3.[3] It is plaintiff's own admission that each document was submitted to the state court.

These documents contain the following statements which address the issues of knowledge and consent.

1. "The first time I learned of any proceedings against me was when I received a copy of [the] execution from the Sheriff." Affidavit in Support of Motion to Vacate, filed August 6, 1976.

2. "[T]he Confession of Judgment filed against me . . . was obtained by fraud and duress. . . . I was not told that I was signing a Confession of Judgment but was told that it was a collateral agreement in case my husband Robert Riddick did not fulfill his obligations to The Stuyvesant Insurance Company. That at the time I signed said Confession of Judgment there was no amount written in, but said amount of $35,000. was written in after I had signed said document." Affidavit of Clara Morris dated August 25, 1976, Introductory Matter and ¶ 1 (copy to this Court unsworn and unsigned).

3. "The entire transaction was induced by threats of criminal charges being pressed against my husband as well as proceedings before the State Insurance Superintendent. . . . I signed a paper in April 1976 that was represented to

be a collateral agreement for security to cover my husband's alleged liability to the Stuyvesant Insurance Co. I did not discover the paper to be a Confession of · Judgment until . . . the Judgment-Creditor's answering affidavit was served on me on or about August 10, 1976 when my first application for relief was made." Affidavit of Clara Morris, dated September 26, 1976, ¶¶ 4 and 5 (copy to this Court unsworn and unsigned).

Although plaintiff cited many other grounds for vacatur, none of them are of constitutional significance. However, it is perfectly evident from the statements quoted that plaintiff's theory before the state court embraced from the very first the fact issue upon which this constitutional challenge is based, *i. e.,* whether her signature on the cognovit was procured through fraud and duress and whether she knew the true nature or consequence of the document she was signing. Thus the state court had before it all of plaintiff's contentions as to lack of "understanding and voluntary consent" and was required to determine those issues in order to arrive at a conclusion on the claims of fraud and duress. Against the documentary evidence and other material submitted by defendant, plaintiff's contentions were found wanting, and the critical fact issue on this constitutional challenge was disposed of in favor of the defendant. That prior disposition precludes this Court from trying the fact issue de novo, for "Federal courts do not sit to review the determinations of state courts." *Mitchell v. National Broadcasting Co., supra,* 553 F.2d at 273.

For the foregoing reasons plaintiff's motion for preliminary relief is denied, and summary judgment is granted dismissing the complaint.

Settle judgment on notice.

---

3. Because Plaintiff's Appendix is unpaginated, the Court will refer to documents reproduced therein by identifying each discretely.